CRITCHFIELD *et al.*, *Appellants*, v. LINVILLE *et al.*

Division Two, June 22, 1897.

1. **Effect of Second Judgment.** The effect of the entry of a second judgment in a cause is to set aside, vacate, and abrogate the former one; and good practice requires that such result be announced by a direct entry to that effect.

2. **Short Transcript:** NO BILL OF EXCEPTIONS. A recital in the *record* that "plaintiffs except to setting aside judgment and modification of judgment heretofore entered," is no evidence of the fact. Such exceptions should be preserved in the bill of exceptions, and where there is no showing in the bill of exceptions to the contrary it will be presumed that plaintiffs *acquiesced* in the entry of the record judgment.

3. **Correct Practice.** The correct course to have pursued in the trial court, if plaintiffs desired a different judgment, was to move to set the second judgment aside, and if it refused to do so an exception should have been saved to such refusal before taking an appeal.

*Appeal from Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*E. A. Vinsonhaler* for appellants.

(1) The court in its last judgment having found the facts and incorporated same in the judgment this court will review same and pass upon their sufficiency to sustain its judgment, although no motion for a new trial was filed. *Land Company v. Bretz*, 125 Mo. 418. (2) As the judgment last entered does not set aside the first judgment, we contend that upon this record the judgment first entered for plaintiffs is the only valid judgment, and the last one should be reversed. *Murphy v. DeFrance*, 23 Mo. App. 337. (3) As the

grantee in the deed from Greenelsh to the Grange was not incorporated such deed was void. *Douthitt v. Stinson*, 63 Mo. 268. The legal title, therefore, as found by the trial court, is in plaintiffs; but what basis is there for giving all these improvements to the defendants? While defendant Linville was in 1881 one of three trustees for the Grange, yet this does not give him the property.

SHERWOOD, J.—This cause is here on what is usually termed a short transcript, that is a "certified copy of the record entry of the judgment, . . . . . . together with the order granting the appeal." R. S. 1889, sec. 2253.

The claim is made here that *two* judgments were entered in this cause in the lower court at the same term. A copy of the latter judgment has been certified to this court. The effect of the entry of this latter judgment was of course to set aside, vacate and abrogate the former one, though certainly this result should have been announced by a direct entry making such announcement.

The *record* recites that "plaintiffs by counsel except to setting aside judgment and to the modification of judgment heretofore entered." But this entry on the *record* is no evidence whatever of the fact. The only way to preserve anything of that sort is to place and preserve it in a bill of exceptions, the only repository for things of that sort. *Nichols v. Stevens*, 123 Mo. *loc. cit.* 119; *State v. Taylor*, 134 Mo. *loc. cit.* 137. Therefore in absence of any showing in the bill of exceptions to the contrary, it will be presumed that plaintiffs *acquiesced* in the entry of the record judgment.

This case stands on an entirely different footing to one where a demurrer is filed to a pleading which is adjudged insufficient in law, and thereupon the pleader

declines to amend and judgment accordingly, or where such pleading is held sufficient and the demurrent declines to plead further and judgment in accordance with such failure, because in such cases the record distinctly and affirmatively shows that the losing party does not acquiesce in the ruling made. Besides it was but fair that the lower court should have been first moved to set aside the second judgment, and should it have refused to do so, then an exception should have been saved to such refusal before appeal taken. This was the only correct course to have pursued in the case before us.

There is no such showing made here in a bill of exceptions, and therefore judgment affirmed. All concur.