THE |FRANKLIN SUGAR REFINING COMPANY, Appellant, v. F. R. MASSEY et al., Respondents.

St. Louis Court of Appeals, May 10, 1898.

1. **Practice, Appellate:** BILL OF EXCEPTIONS.   Where a case comes to the appellate court upon a certificate of judgment by the clerk and an original and "amended and enlarged abstract filed by appellant" and where upon examination of these it is shown that the bill of exceptions neither incorporates the motion for new trial, nor directs the clerk to copy the same, it is held that these omissions are fatal to the review of any matters of mere exception taken on the trial in the court below.

2. ———: ———.   In this state of the record this court can only consider the objections arising under the record proper.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

HEFFERNAN & HEFFERNAN for appellant.

An assignee (or mortgagee) takes the property subject to all liens upon it.   Burrill on Assignments

Sugar Refining Co. v. Massey.

sec. 391, and case cited; Clark v. Flint, 22 Pick. 33; State v. Rowse, 49 Mo. 586–593; Drew Glass Co. v. Baldwin, 38 Mo. 44; Gregory, Ex'rx, v. Travenner, 38 Mo. 627. One who takes property as security for an antecedent indebtedness, without making any present advancement, or parting with any new consideration, is not a *bona fide* or innocent purchaser for value, as against a vender from whom such property has been fraudulently obtained, and who elects to rescind the sale. Watson v. Ptg. Co., 56 Mo. App. 145; Wine Co. v. Rinehart, 42 Mo. App. 171; Conrad v. Fischer, 37 Mo. App. 352. Where a sale has been induced by fraudulent representations and the vendor upon discovering the fraud elects to rescind the sale, the title to the property immediately revests in him, with the consequent right of possession, and he may maintain replevin therefor. Cahn v. Reid, 18 Mo. App. 115, and cases cited; Wells on Replevin, secs. 318, 320, 366, and cases cited.

Goode & Cravens and Massey & Tatlow for respondent.

On the record before this court there is nothing for review save and except the record proper, Messerly v. Hull, 60 Mo. App. 132; Mason v. Pennington, 53 Mo. App. 118; Halstead v. Daggs, 50 Mo. App. 157; Wilson v. R'y, 120 Mo., 59; Parker v. Brown (Kansas City Appeals), not yet reported, Vol. 1, Mo. App. Rep., page 19, decided January 10, 1898.

Bond, J.—This is an action of replevin for one hundred and fifty bags of sugar and twenty-six barrels of sugar of the alleged value of $964. The petition is in the usual form. The answer was a general denial, except the possession of the property by defendants,

which was admitted and claimed to be lawful, and a demand made a return of the property. The court gave judgment for the defendants. Plaintiff has appealed.

The case comes to this court upon a certificate of judgment by the clerk and an original and "amended and enlarged abstract filed by appellant." A careful examination of these shows that the bill of exceptions neither incorporates the motion for new trial, nor directs the clerk to copy the same therein. This omission is fatal to the review of any matters of mere exception taken on the trial in the court below. State v. Griffin, 98 Mo. 682; Nichols v. Stevens, 123 Mo. 119; Critchfield v. Linville, 140 Mo. 191; R. S. 1889, sec. 2304. In this state of the record we can only consider the objections arising under the record proper. An inspection of this does not show that the court erred in rendering judgment for the defendants. It will therefore be affirmed. All concur.