J. N. STREET v. SCHOOL DISTRICT OF ST.
JOSEPH, Appellant; MARY G. McCARTHY v.
SCHOOL DISTRICT OF ST. JOSEPH, Appel-
lant; CHARLES B. ABLER v. SCHOOL DIS-
TRICT OF ST. JOSEPH, Appellant; WILLIAM
DROWNS v. SCHOOL DISTRICT OF ST. JOS-
EPH, Appellant.

**Division Two, June 29, 1909.**

1. **APPELLATE JURISDICTION: Constitutional Question.** In
order to raise a constitutional question so as to give the Su-
preme Court jurisdiction of the appeal, it is necessary that the
particular provision of the Constitution be pointed out in the
trial court.

2. ———: ———: **Might Have Been Raised.** Where, under ap-
pellant's answer, the point might have been raised that the
contracts sued on were invalid under the Constitution, but that
point was not raised, either during the trial or in the motions
for a new trial and in arrest, and the construction of the
particular provision of the Constitution now invoked was not
necessary to a decision of the case before the trial court, it
will be held that appellant waived the constitutional question,
and that the Supreme Court does not on that ground have
jurisdiction.

Appeal from Buchanan Circuit Court.—*Hon. Henry
M. Ramey*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*William H. Sherman* and *James W. Boyd* for re-
spondent.

This court has no jurisdiction of these cases. Re-
spondent Abler recovered, by the judgment of the cir-
cuit court, $482.55. The other respondents recovered
each a smaller sum, so that, as to the amount involved
in any one of these cases, no jurisdiction was conferred
upon this court. Section 12 of article 6 of the Consti-

tution confers jurisdiction upon the Court of Appeals in cases wherein the amount recovered does not exceed the sum of $4,500.00. No question arises in this case involving a construction of the Constitution of this State, nor of any law the validity of which is questioned by and on account of any constitutional limitation or restriction. In order to bring an appeal within the jurisdiction of the Supreme Court, a constitutional question must be involved, and such question must be raised on the record. Holland v. DePriest, 130 Mo. 89. It must appear that a constitutional construction was essential to the deciding of the case. State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. Smith, 152 Mo. 444; State ex rel. v. Smith, 176 Mo. 44; Curtis v. Smith, 177 Mo. 69; City of Tarkio v. Loyd, 179 Mo. 600. It must appear that a constitutional question was raised in the trial court and ruled on against the party or person appealing. Hardin v. Carthage, 147 Mo. 442; Brown v. Railroad, 175 Mo. 185. Until the trial court has passed on the legality of an act the Supreme Court does not have jurisdiction on the ground that a constitutional question is involved. Colman v. Cole, 158 Mo. 253; Baldwin v. Fries, 103 Mo. 286. A constitutional question cannot be injected into a case for the first time by the appellant by argument, or brief of counsel in the appellate court. Kirkwood v. Johnson, 148 Mo. 630. To raise a constitutional question, it is necessary that the particular provision relied on be pointed out in the trial court. Ash v. City, 169 Mo. 77; St. Joseph v. Metropolitan Ins. Co., 183 Mo. 1.

*H. K. White* for appellant in reply.

Respondent claims that this court has no jurisdiction of this appeal. It is true no question was raised involving the constitutionality of any statute. Appellant pleaded such facts that, if true, the contracts sued upon were invalid under section 12 of article 10

of the Constitution of the State, and on trial proved these allegations to be true. The constitutional prohibition constitutes the major premise of the syllogism. The pleading of appellant constitutes the minor premise. If these facts were proved, the alleged contract never had any vitality. There is but one clause of the Constitution which affects these contracts, and the court below thought that the application of the facts pleaded and proven, when applied to the above provision of the Constitution, gave the Supreme Court jurisdiction of this case. If it erred in this respect and should have sent the case to the Kansas City Court of Appeals, this court should transfer the case to that court and should not follow the revolutionary suggestion made by respondent to dismiss the appeal. R. S. 1899, sec. 1657; Turley v. Barns, 131 Mo. 548; Parker v. Zeisler, 139 Mo. 298; Cody v. Gutman, 135 Mo. 250; State ex rel. v. Gravel Road Co., 187 Mo. 439. If transferred to that court because no question of constitutional construction has arisen, that court can decide whether or not at any time the alleged contract had any vitality. Still, upon the record, appellant claims that the Supreme Court should hear and decide the case.

GANTT, P. J.—The above four cases have been submitted under one brief. Each of the said plaintiffs sought to recover in the circuit court of Buchanan county from the defendant, School District of St. Joseph, damages for failure to perform certain contracts alleged to have been made by the plaintiffs severally with School District Number Seven, township 57, range 35 of Buchanan county. Each of the petitions alleges the corporate capacity of the two districts as school districts and that on the 9th day of September, 1904, the voters of Number Seven voted in favor of becoming incorporated with the defendant, and on Septem-

ber 15, 1904, the directors of the St. Joseph School District voted to accept District Number Seven and receive all of its property, real and personal, and assumed its debts. The petitions then alleged that before the above vote said School District Number Seven entered into separate contracts with plaintiffs for performance by them of work for it during the next ensuing year. Two of the plaintiffs, Street and Abler, claim to have been employed as janitors, and the other two, Drowns and Miss McCarthy, as teachers—the janitors that they had entered upon their duties under their contracts and worked a few days prior to September 19, 1904, but except as to these few days of service they were not permitted by the defendant to carry out their contracts, although willing to do so, and each severally claim damages accordingly. Miss McCarthy and Drowns did not teach under their contracts, but claim damages for being denied the right to teach, although they were willing and offered their services.

The answers of defendants in the Street and Abler cases admitted the corporate capacity of the two school districts, the merger of District Number Seven with the defendant district on the date specified, and denied the other allegations of the petition. These answers also set forth that the only property the St. Joseph District received from District Number Seven was the McKinley School and the sum of $2,072, which had been collected by tax levies for interest and sinking fund on bonds theretofore issued by District Number Seven. The defendant further alleges that the pretended contracts relied upon by the plaintiffs were void because District Number Seven had not provided any income and revenue for the fiscal year commencing July 1, 1904, and had failed to make any levy of any taxes upon the property within its limits for the expenses of the fiscal year and had failed to make any estimate of the amount needed for sustaining the

schools and the rate required to raise such amount needed, and had failed to make any enumeration of children of school age within the limits of the district, so that it was not entitled to any portion of the public school funds required to be apportioned by the clerk of the county court of Buchanan county, including the moneys received by the county of Buchanan in the treasury of the State of Missouri, and including moneys arising from the interest on funds derived from the sale of school lands, and moneys arising from the county school fund and moneys arising from the railroad and bridge corporations of the taxes levied on their property. It was also alleged that District Number Seven had no other funds or sources of income whatever at the time of making the alleged contracts.

The answers in the McCarthy and Drowns cases tendered the identical defenses above set forth, but alleged in addition that the plaintiff had not at the time of making the alleged contract any license to teach in the schools of Buchanan county.

In each of the four cases the defendant alleges that the plaintiffs might have earned during the term of exclusion all that said District Number Seven had agreed to pay them.

The plaintiff filed replies in the nature of general denials of these answers.

By agreement all four cases were treated at the same time and were submitted to the court without the intervention of a jury. Nearly all the evidence was applicable to all four of the cases, but a part was applicable only to each case. By the record of District Number Seven, it was shown that at a meeting of the directors of said district held on September 2, 1904, the plaintiffs had been selected as janitors and teachers respectively at the salaries claimed in their respective petitions. The plaintiffs Street and Abler, the janitors, and the plaintiff Miss McCarthy, a teacher, introduced without any objection their contracts

as such, and no question is raised as to their formal sufficiency. They all bore date September 6, 1904. Miss McCarthy also introduced in evidence a certificate in due form issued to her by the superintendent of schools of Buchanan county, Missouri. The plaintiff Drowns introduced in evidence over the objection of the defendant, his certificate, allowing him to teach for a term which would expire before his alleged contract time would expire and also his contract. All four of the plaintiffs showed that the defendant, St. Joseph School District, refused to permit them, after September 19, 1904, to carry out their contracts. The plaintiffs also testified as to their earnings after their exclusion, and it was conceded that proper rulings were made by the court as to this defense.

The defendant introduced, as applicable to all the cases, the record of School District Number Seven against St. Joseph School District and the opinion therein reported in 184 Mo. 139. In brief it appeared from that case that in 1901, owing to a mutual mistake as to the effect of the extension of the limits of the city of St. Joseph over a portion of the territory of District Number Seven, the directors of Number Seven had surrendered to the defendant school district jurisdiction over all that portion of the district which had been taken into the city limits. At the same time it turned over a small amount of money in the general fund, which, with some additional money collected from the delinquent tax list, the defendant district had used in paying the debts of district Number Seven and repairing the McKinley school house, which was in the surrendered part of the district. The defendant district had also used some of its own money for these purposes, in addition to the above fund belonging to Number Seven. District Number Seven had turned over to the defendant district at this time its balance in the interest and sinking fund. Between the time of receiving these moneys and the institution of the suit by

Number Seven, the defendant district had paid interest on the bonds issued by Number Seven. The Supreme Court allowed the defendant its disbursements, so that when the case was decided the defendant district was found not to owe Number Seven anything on general account, but to owe it exactly the amount tendered for the interest and sinking fund. After the merger of the two districts, the money deposited by the defendant district was returned to it and this was the only fund received by the defendant district from Number Seven, and it was placed in the interest and sinking fund.

In all the cases it was admitted that in 1904 and in 1905 there was no money whatever to the credit of District Number Seven upon the books of the county treasurer. It was also admitted that the directors and officers of District Number Seven did not make any enumeration of the children within the school district or any estimate of the funds needed for school purposes, either for general purposes or for the interest and sinking fund for the fiscal year commencing July 1, 1904, and that no certificate of any character was sent to the county clerk of funds arising from said school funds, county school funds or interest from the proceeds arising from the sale of section 16, township 35, and the taxes arising from assessments of railroads and bridges. No portion of those taxes or those funds was appropriated to School District Number Seven for the year commencing July 1, 1904, and neither was any levy of taxes made by said district for school purposes for that year.

No instructions of law were asked by either party. After argument the court found the issues for the respective plaintiffs and entered judgment accordingly. In due time succeeding the entry of the said several judgments, the defendant filed in each case its motion for a new trial, which was heard and overruled by the

court, and the defendant in each case preserved its exceptions and took its appeal.

At the time these cases were submitted leave was given to the plaintiffs to file abstracts and briefs and we were not advised as to what position they would take. In their briefs now on file they insist that this court has no jurisdiction of these appeals. It is apparent that the amount involved in either of the cases is not sufficient to confer jurisdiction, since the judgment of Abler for $482.55 is the largest of either of the four judgments, so that either individually or collectively the amounts involved would not give this court jurisdiction. Indeed it is apparent that unless it can be said that there is a constitutional question arising under the provisions of section 12 of article 10 of the Constitution of this State, then this court has no jurisdiction. As already said all cases were tried before the court without a jury and no instructions or declarations of law were asked or given on either side and the motions for new trial make no reference whatever to this provision of the Constitution or any other provision thereof, so that whether there is a constitutional question depends entirely upon that paragraph of the defendant's answer wherein it is alleged that "this defendant says that said alleged contract was void because said School District Number Seven had not provided any income and revenue for the fiscal year commencing July 1st, 1904," etc. Now for the first time, in this court, the defendant makes the point that under section 12 of article 10 of the Constitution of Missouri these several contracts were void, because at the time of their execution School District Number Seven had no funds to meet the claims sued on and had not provided any means by which funds would accrue to meet these obligations.

Section 12 of article 10 of the Constitution provides: "No county, city, town, township, school district or other political corporation or subdivision shall

be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose.'' Neither in its answer, nor in any objection to the testimony, nor in its motion for new trial, nor in any declaration of law asked by it, was this constitutional provision invoked by the defendant in the circuit court. The circuit court was not requested to declare these contracts void on the ground that they were prohibited by this section of the Constitution at any stage of the case in that court. In the motion for new trial the circuit court was not told that it had violated the Constitution in any respect in rendering its judgment for these several plaintiffs. Nor does it appear that a construction of this particular provision of the Constitution was essential to a decision of the case by the circuit court.

It has been so often ruled that, in order to raise a constitutional question so as to give this court jurisdiction of the appeal, it is necessary that the particular provision be pointed out in the trial court, that it would seem almost unnecessary to cite cases. [Ash v. City of Independence, 169 Mo. 77; State ex rel. Loan Co. v. Smith et al., 176 Mo. 44; City of St. Joseph v. Metropolitan Insurance Company, 183 Mo. 1.] But we think that the fact that the defendant in its motions for new trials in these four cases nowhere alleged a violation of this provision of the Constitution, nor called the circuit court's attention thereto, but restricted its application for new trial to the grounds specified therein, to-wit, the admission of improper evidence on the part of the plaintiffs, the exclusion of proper testimony offered by the defendant, that the finding of the court was against the law and the evidence, and should have been for the defendant, excluded from the consideration of the circuit

court any constitutional question, and it was perfectly competent for the defendant to avail itself of such an objection, or to waive it, as it saw fit, and it is elemental that unless a party complains of an error against it in its motion for new trial and gives the circuit or trial court an opportunitly to correct its own errors, the appellate courts will not consider errors alleged in this court for the first time, unless they go to the very jurisdiction of the court, or the absolute failure to show a cause of action.

In our opinion the objection to the jurisdiction of this court of this appeal by the plaintiffs is well taken and this court had not under the Constitution jurisdiction of either of these appeals and it is therefore ordered and adjudged that each of these appeals be transferred to the Kansas City Court of Appeals.

*Burgess* and *Fox, JJ.,* concur.