# WILLIAM A. COY, Respondent, v. DOUGLAS J. LANDERS, Appellant.

**St. Louis Court of Appeals, January 4, 1910.**

1. **APPELLATE PRACTICE: Bill of Exceptions: Necessity of Preserving Motion for New Trial.** Unless the motion for new trial is set forth in the bill of exceptions or the bill contains a direction to the clerk to copy it, neither the motion nor the matters of exception therein referred to will be considered on appeal.

2. **BILL OF EXCEPTIONS: Correction Nunc Pro Tunc, After Appeal: Necessity of Memorandum.** Although a circuit court may have lost jurisdiction of the cause by reason of an appeal having been taken, it still retains jurisdiction over its own records and has power to correct a bill of exceptions in any respect essential to make it speak the truth. However, after final judgment, entries *nunc pro tunc* may be made at a subsequent term, only upon evidence furnished by the papers and files in the cause or something of record or in the minute book or judge's docket, as a basis by which to amend or supply the defective record.

3. ———: **Power of Court Over, After Time for Filing has Expired.** Courts have no power over a bill of exceptions, after the time for filing it has expired, except to make an entry *nunc pro tunc* concerning it.

4. ———: **Correction Nunc Pro Tunc: Facts Stated.** A bill of exceptions as filed recited that a motion for new trial was filed and overruled, but did not set out the motion nor contain a call for its insertion. After an appeal had been taken and after the time for filing the bill of exceptions had expired and at a subsequent term of court, the court made an order to correct the bill of exceptions by inserting the motion for new trial in it, *nunc pro tunc.* There was no note or memorandum in the bill of exceptions or on any of the records or files tending to show the party filing the bill intended to copy the motion in the bill or have it sent up by the clerk in the transcript, under Section 866, Revised Statutes 1899. *Held,* the *nunc pro tunc* order should not have been made, and the motion could not be considered on appeal.

5. **APPELLATE PRACTICE: Motion for New Trial Prerequisite to Review.** In the absence of a motion for new trial, the appellate court is permitted to examine the record proper only for error.

6. NEGLIGENCE: Pleading: Petition: Failure to Allege Causal Connection. Where, in an action for injuries to plaintiff by his horse becoming frightened at defendant's automobile, the petition charged that defendant saw the horse at the time it became frightened or by exercising due care could have seen it, but negligently caused his automobile, which was making a loud and unusual noise, to continue in the direction of the horse at the same dangerous speed at which it was previously run, and that on account of the horse becoming frightened at the automobile, and overturning the buggy, throwing plaintiff to the ground, plaintiff was injured, the petition was sufficient after verdict to sustain a judgment for plaintiff, though it did not expressly allege causal connection between defendant's negligence and the injury, such connection being reasonably inferred from the facts stated.

7. ——: ——: ——: ——: Aider by Verdict. In an action for injuries to plaintiff by his horse becoming frightened at an automobile, where no demurrer to the petition was interposed and the assault made thereon came after verdict and judgment for plaintiff, every reasonable presumption will be indulged in favor of the petition, and even though a causal connection between the negligence charged and the injuries sustained is not expressly averred, the petition will be considered sufficient after verdict, if the causal connection is either necessarily implied or may be reasonably inferred from the facts stated.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

Affirmed.

*Watts, Williams & Dines* and *Wm. R. Gentry* for appellant.

The verdict should not be allowed to stand because the petition does not state facts sufficient to constitute a cause of action. It fails to allege facts which show any causal connection between the negligence attempted to be charged and the happening of the injury to plaintiff. House v. Cramer, 112 N. W. 3; Hall v. Compton, 108 S. W. 1122; O'Donnell v. O'Neill, 109 S. W. 815; Harper v. Railroad, 187 Mo. 575; Towle v. Morse, 68 Atl. 1044; Campbell v. Transit Co., 121 Mo. App. 126.

This point is properly raised for the first time in the appellate court. Epperson. v. Tel. Co., 155 Mo. 346; Davis v. Railroad, 126 Mo. 69; Ball v. Neosho, 109 Mo. App. 683; Cartwright v. Telephone Co., 205 Mo. 126.

*Hamlin & Seawell* for respondent.

(1)    The court should only consider the record proper as the bill of exceptions filed May 11, 1908, contained no motion for a new trial, and the filing of an additional bill or a re-filing of the old bill on September 15, 1908, was out of time and without authority. Danforth v. Railroad, 123 Mo. 196; Fulkerson v. Murdock, 123 Mo. 292; State ex rel. v. Gibson, 187 Mo. 536; State v. Eaton, 191 Mo. 151. Neither the minutes of record written by the judge or clerk nor anything in the files showed that the appellant intended to incorporate the motion for a new trial in his bill of exceptions. "An order *nunc pro tunc* can be made only on information furnished by the record or files in the case." Pub. Co. v. Allen, 113 S. W. 1159. If the original bill did not contain a motion for a new trial, nothing is before this court but the record proper. Macon ex rel. v. Jaeger, 113 S. W. 1138; Reed v. Colp, 112 S. W. 255. After the expiration of the term at which the case is tried, without an order extending the time, the trial court has no power to amend a bill of exceptions. Carp v. Insurance Co., 107 Mo. App. 352.    (2)    The appellant contends that the petition does not state a cause of action. No objections were made to it in the trial court, a general denial was filed, and the cause proceeded to trial, and a judgment rendered. "There is no set formula in this State to be employed for stating a cause of action. The statute requires a clear and concise statement of facts. Any English words which state the facts sufficient for the comprehension of a person of average intelligence and education are sufficient. Carrying into effect the plain purpose of the statutes, this court has always held

that if the words employed clearly, or by necessary intendment, convey an understanding of the facts relied on, the plea is good. And this is especially true when the attack is made upon it, by a general demurrer before judgment, or by a motion in arrest after the verdict." Bank v. Leyser, 116 Mo. 51; Bank v. Scalzo, 127 Mo. 189; Gustin v. Insurance Co., 164 Mo. 177; Rodgers v. Insurance Co., 186 Mo. 255. The attention of the trial court was not called to any defect in the petition, until after verdict. "In this State of the case the defect, if one exists, will be deemed to have been cured by a verdict. The rule is well settled that "after verdict the petition should not be most strictly construed against the pleader, but should be construed liberally with a view to substantial justice." Saton v. Railroad, 98 Mo. App. 494; Munchow v. Munchow, 96 Mo. App. 553; Vivian v. Robertson, 176 Mo. 219; Clem v. Railroad, 119 Mo. App. 248.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries inflicted through the alleged negligence of defendant in operating his automobile. The plaintiff recovered and the defendant prosecutes the appeal.

The first question presented for consideration relates to the authority of the court to consider the various matters of exception contained in the bill in the absence of a motion for a new trial appearing therein. After the verdict and judgment were given for the plaintiff, it appears from the record proper that defendant filed his motion for a new trial within due time and that the same was overruled by the court. Thereafter the defendant perfected an appeal to this court and was granted leave to file his bill of exceptions within a time stated after adjournment. Within the time so granted, the defendant prepared and presented his bill of exceptions to the trial judge who signed and sealed the same and ordered it filed of record in the cause.

The bill of exceptions thus duly signed and sealed was filed and became a part of the record within the time theretofore granted. After the bill of exceptions had been thus filed and made a part of the record and the time theretofore granted for filing the same had expired, it was discovered that the motion for a new trial was not incorporated therein and there was no call or request contained in the bill for the clerk to copy the same. The bill of exceptions does show, however, that a motion for new trial had been filed and that the same was considered by the court and overruled, to which action of the court in overruling the same an exception was duly preserved. The defendant, having discovered that the motion for a new trial was omitted from the bill of exceptions, after giving due notice to that effect, applied to the circuit court at a subsequent term for an order *nunc pro tunc* correcting the bill by incorporating the motion for a new trial therein. To this end, the defendant filed his motion at a subsequent term of the circuit court several months after the time for filing the bill had expired and several months after the bill theretofore prepared had been filed and actually made a part of the record. This motion recited in substance that the motion for new trial had been inadvertently omitted from the bill of exceptions and prayed the court to make an order *nunc pro tunc* incorporating the motion therein. On the hearing of this motion, it was shown that the motion for new trial was actually filed in the cause at the term at which the judgment was given and within four days thereafter, as is required by the statute. It was shown, too, that the motion remained in the files of the cause with the clerk and that it bore the file marks of proper date. The bill of exceptions theretofore filed was introduced and by the bill it was shown that the only reference therein contained to the motion for a new trial is as follows:

146 App.—27

"And thereafter, on the 18th day of October, 1907, it being one of the days of the September, 1907, term of court, the defendant filed his motion for a new trial and thereafter, on the 12th day of November, 1907, it being one of the days of the September, 1907, term of said court, the defendant's said motion for new trial was by the court overruled and to the action of the court in overruling said motion for a new trial, the defendant by his counsel then and there duly objected and excepted and saved his exceptions at the time."

On this showing the court entered an order *nunc pro tunc* incorporating the motion for a new trial in the bill of exceptions theretofore filed and this, too, notwithstanding no call or request for the clerk to copy the same appeared in the bill. It is now insisted by the plaintiff that the court is not permitted to examine the various matters of exception contained in the bill for the reason the motion for a new trial was not incorporated therein when the bill was filed, no call for the same appeared and for the further reason that the circuit court was without authority to enter the order referred to *nunc pro tunc* at a term subsequent to that at which final judgment was given.

There can be no doubt of the general proposition that a motion for new trial must be incorporated and preserved in the bill of exceptions. Under the old practice which obtained before our present statute was enacted, it was essential for the bill of exceptions to contain a copy of the motion for new trial and in the absence of such appearing therein, the matters of exception occurring on the trial were not open for review in the appellate court. This was true, too, even though the bill disclosed that such a motion was considered, overruled and an exception preserved to the order of the court thereon. [Rotchford v. Creamer, 65 Mo. 48; Stevenson v. Saline Co., 65 Mo. 425.]

The statute was amended however in 1885 (See acts of 1885, p. 219) so as to authorize the consideration and

review of the motion for a new trial even though it were not incorporated in the bill of exceptions if such motion was aptly referred to and called for in the bill. The purport of the provision is that the motion for new trial should be considered on appeal, if the bill of exceptions filed contain a direction to the clerk to copy the same and the motion is so copied into the record sent up to the appellate court. See our present statute (sec. 866, R. S. 1899; Ann. St., sec. 866). Under this statute it has been frequently decided by the court of last resort that where the motion for a new trial is not set forth in the bill of exceptions and there is no direction to the clerk to copy the same, the motion and matters of exception therein referred to will not be considered on appeal. [State v. Griffin, 98 Mo. 672; Arnold v. Boyer, 108 Mo. 310; State v. Wray, 124 Mo. 542; State v. Reveley, 145 Mo. 660; Franklin Sugar Co. v. Massey, 75 Mo. App. 466; Harper v. Standard Oil Co., 74 Mo. App. 644.]

In State v. Reveley, 145 Mo. 660, the Supreme Court ruled under the statute above referred to, that the only way in which the motion for a new trial can be made part of the record is by copying it into the bill of exceptions or into the record proper by the clerk in pursuance of directions to that effect contained in the bill. In the case then in judgment, the motion for a new trial had been omitted from the bill of exceptions and there was no pointed direction contained therein to the clerk to copy the same. The bill recited, however, that the "defendant filed his motion for a new trial in words and figures as set out on page No. 19." The Supreme Court declared this not to be a compliance with the statute and said it was insufficient as a direction to the clerk to copy the motion or to operate a call therefor authorizing its incorporation in the transcript of the record.

Under the authorities referred to, it is obvious that we are not permitted to consider the motion for new

trial in this case unless the court was authorized to incorporate it in the bill of exceptions by its order *nunc pro tunc* heretofore referred to. Although the circuit court may have lost jurisdiction of the cause by the appeal, there can be no doubt that jurisdiction over its own records continued to reside therein and that it had the power to correct the bill of exceptions *nunc pro tunc* in any respect, essential to make it speak the truth, provided it had sufficient memoranda before it upon which to base such an order. [Reed v. Colp, 213 Mo. 577, 587.] However, it is the settled law of this State that entries *nunc pro tunc* after final judgment at a subsequent term can only be made upon evidence furnished by the papers and files in the cause or something of record or in the minute book or judge's docket, as a basis by which to amend or supply the defective record. [M. K. & E. Ry. Co. v. Holschlag, 144 Mo. 253; Gamble v. Daugherty, 71 Mo. 599; Pulitzer Publishing Co. v. Allen, 134 Mo. App. 229, 113 S. W. 1159; Collier v. Lead Co., 208 Mo. 246.]

It is argued by the plaintiff that no sufficient note or memorandum whatever appears in the bill of exceptions or in any record or file of the court authorizing the incorporation of the motion in the bill of exceptions by an order *nunc pro tunc* at a subsequent term after the bill was filed and the time therefor expired.

So far as the power of the court over the bill is concerned, there can be no doubt of the proposition that unless it be in the case of a proper *nunc pro tunc* entry the circuit court is without power over the bill after the time for filing the same has expired. [State ex rel. v. Gibson, 187 Mo. 536.]

The question for decision relates more directly to the sufficiency of the note or memorandum essential as a basis for the order *nunc pro tunc* by which the bill of exceptions was amended so as to show the motion for a new trial. It is not as to whether such motion was actually filed or considered and ruled upon by the

court, for as to this the record is abundantly clear. Not only is there sufficient note and memorandum as to the filing and consideration of the motion for new trial but in truth the record is ample on that score without amendment. It appears in the record proper outside of the bill, as it properly should, that the motion for new trial was filed in due time and the order overruling the same appears there, too. It also appears within the bill, as it properly should, that the court considered and overruled the motion and that the defendant preserved an exception on that score. However, there is no note or memorandum in the bill or in the records of the court or in the judge's docket or in the files of the case, indicating a purpose to incorporate the motion for a new trial in the bill of exceptions, and before an order *nunc pro tunc* to that end may be made by the court, after final judgment at a subsequent term, something sufficient of the character mentioned must be present. It is true a vigorous but not conclusive presumption arises to the effect that the defendant intended to incorporate the motion and inadvertently omitted it; this for the reason that it appears he preserved in the bill all of the evidence, the instructions and the rulings of the court, knowing that all this was without avail on appeal unless the motion for new trial somewhere properly appeared as well. Be this as it may, the presumption that defendant intended to incorporate the motion for a new trial or call for it in the bill is certainly not conclusive and it is wholly without avail in the present situation of affairs unless a sufficient note or memorandum appears on which the court could base its order *nunc pro tunc*. Indeed, it may be, even though it appears the defendant incorporated the evidence and other matters of exceptions in the bill, that the defendant concluded to waive his right to have those matters reviewed at the time the bill of exceptions was perfected and voluntarily omitted either the motion for a new trial or the call therefor for that reason. It is true such is

not probable and it is not to be presumed, nevertheless we believe the authorities since our statutes of 1885 all proceed on the theory that the appealing party should be treated as having waived his right to have the matters of exception called to the attention of the trial court and the motion for new trial reviewed on appeal unless he either incorporates the motion in the bill at the time it was made or inserts an apt and appropriate call therefor; that is, some appropriate direction to the clerk to copy the motion. There is certainly no note or memorandum of any kind to be found in the bill of exceptions or the records presented to the trial court on the hearing of the motion for a *nunc pro tunc* order, indicating that the motion for a new trial was to be copied in the bill of exceptions or that it was to be copied by the clerk in the transcript under a direction contained in the bill to that effect. The defendant relies upon the case of Darrier v. Darrier, 58 Mo. 222, as an authoritative decision to the effect that the bill of exceptions may be amended by an order of the court *nunc pro tunc* at a subsequent term by inserting a document therein even though no pointed call for the document appears in the bill. In that case the document referred to was a letter which had been omitted from the bill at the time it was filed. Several months after the bill was filed and became a part of the record and at a subsequent term of the court, a motion was filed in the circuit court by the appellant for an order *nunc pro tunc* to insert the letter referred to as an amendment to the bill. The Supreme Court held the amendment proper and in effect ruled that the following words found in the bill of exceptions constituted a sufficient note or memorandum upon which to base the order *nunc pro tunc*. The entire recital contained in the bill of exceptions as to the letter referred to was as follows:

"Plaintiff also then offered in evidence a letter in the German language with a translation of the same into the English language, signed by himself, dated

Camp Hoffman, Arkansas, April 5, 1862, addressed to the defendant, etc."

On these words the court ruled it was competent to amend *nunc pro tunc* by inserting in the bill of exceptions the letter which had remained in the files of the case in the circuit court. Now, this authority is persuasive indeed. In principle it is difficult, if not impossible, to discriminate it from the matter now in judgment and were it not for a subsequent statute and decisions, we would treat it as conclusive and declare the amendment proper. Be that as it may, it is difficult to ascertain on what theory the recital quoted in the Darrier case operated to disclose a note or memorandum indicating that such letter was to be copied in the bill, and the judgment in that case may not be reconciled with the authorities generally. However, it is to be noted that the decision of the Supreme Court in that case was given prior to our statute of 1885 which is now substantially section 866, Revised Statutes 1899; Ann. St., sec. 866. And there are more recent decisions of the Supreme Court touching the essential prerequisites to an amendment *nunc pro tunc* with which we are compelled to reckon. It appears in the opinion of the Darrier case that the suit therein was instituted August 5, 1873, and the cause was decided in the Supreme Court at some time prior to the amendment of our statute, now section 866, Revised Statutes 1899. The old statute as it existed prior to the amendment was section 34 of the Practice Act, 1871. See Laws of Missouri, 1871, p. 49. The statute then in force is identical with section 3776, Revised Statutes 1879. It is unnecessary to quote it here as it contained no provision whatever with reference to requiring a document in evidence or the motion for a new trial to be called for if not copied in the bill of exceptions and in that respect the law differed then from the rule at the present time. The statute was amended in 1885 by declaring in substance it shall not be necessary for the review of the action of

the lower court on appeal that the motion for a new trial shall be copied or set forth in the bill of exceptions provided the bill so filed contains a direction to the clerk to copy the same and the same is so copied into the record. See Laws of Missouri, 1885, p. 219. The act as amended in 1885 was carried into our revision as section 866, Revised Statutes 1899, and again amended in 1903. See Laws of Missouri, 1903, p. 105. Both under the revision of 1899 and as at present amended by the act of 1903, the statute remains the same in so far as it applies to the motion for new trial; that is to say, it provides that the motion for a new trial may be reviewed on appeal even though it is not incorporated in the bill of exceptions provided the bill contains a direction to the clerk to copy the same and it is so copied in the record sent up to the appellate court. Now, since this statute was enacted, in 1885, the adjudications thereunder all portray the thought that unless the motion is either copied in the bill of exceptions or appropriately called for therein, the party will be treated as having waived his right to have the same reviewed on appeal. And, indeed, one of those cases, State v. Reveley, 145 Mo. 660, announces the doctrine that the only way the motion for new trial can be made a part of the record is by copying it into the bill of exceptions or into the record proper by the clerk in pursuance of directions to that effect. And the judgment of the Supreme Court given in that case is to the effect that the words contained in the bill of exceptions "defendant filed his motion for a new trial in words and figures as set out on page 19" are insufficient to operate as a direction to the clerk under the statute to copy the same in the record. That was a case where the defendant was convicted of murder in the second degree and the judgment of conviction affirmed in the Supreme Court for the reason the motion for new trial had not been preserved in such a manner as to present the matters of exception for review. Now, if the words

quoted from the bill of exceptions there were insufficient to authorize the incorporation of the motion for a new trial in the record, then certainly the memorandum contained in the bill of exceptions in this case and the other matters and things introduced in evidence on the trial of the motion for an order *nunc pro tunc* were insufficient as well, as a basis for such order at a subsequent term. It is true the memorandum or note referred to in that case was not considered with reference to its sufficiency as a basis for an order *nunc pro tunc,* nevertheless it was rejected as a sufficient direction indicating the motion should be copied. Decisions of the Supreme Court since the Darrier case, supra, are more strict than that judgment would indicate in requiring some definite and authentic memorandum, indicative of the amendment sought, as a basis for *nunc pro tunc* entries after judgment at a subsequent term. Unless there actually exists a note or memorandum in the record or files, clearly indicating the truth of the amendment sought to be made by the *nunc pro tunc* entry, it is not allowed at a subsequent term after final judgment and the matter is concluded by the overruling of the usual after judgment motions. The following cases illustrate: M. K. & E. Ry. Co. v. Holschlag, 144 Mo. 253; Gamble v. Daugherty, 71 Mo. 599; Collier v. Lead Co., 208 Mo. 246; see also Pulitzer Publishing Co. v. Allen, 134 Mo. App. 229. There is naught in the shape of a note or memorandum in the present record or files indicating the truth of the proposition that the motion for new trial was ever intended to be incorporated in the bill or presented here for review, and in the absence of such, it may not be incorporated by a *nunc pro tunc* entry based on the mere showing that it was filed, considered, overruled and an exception saved to such ruling. It is to be remembered that there is no call whatever for the motion contained in the bill of exceptions nor a direction therein to the clerk to copy the same in the present record. It is to be remembered, too, that from

the records introduced in evidence on the hearing of the motion for a *nunc pro tunc* order it was made to appear only that the motion for a new trial was filed and remained with the papers of the case; that it was considered and overruled by the court and an exception saved to that ruling.   There is no note or memorandum in the bill of exceptions or in any of the records or files tending to show that the defendant copied or intended to copy the motion in the bill or have it sent up by the clerk in the transcript under the statute.   Indeed, nothing in the shape of a note or memorandum appears to negative the idea that defendant omitted the motion for a new trial voluntarily and with a purpose to waive his right to have the same considered.   Of course, as we have said before, it may be presumed otherwise from the fact that he preserved matters of exception in the bill, but we are not dealing here with presumptions. The question for decision relates to the sufficiency of a note or memorandum affording a basis for a *nunc pro tunc* entry to insert the motion for a new trial in the bill of exceptions by amendment after final judgment and at a subsequent term.   No such note or memorandum appears, and this being true, under all of the decisions with which we are familiar, since the statute and the Darrier case above referred to, the motion may not be considered.

In the absence of a motion for new trial, we are permitted to examine only the record proper for error. [Sugar Co. v. Massey, 75 Mo. App. 466; Reed v. Colp, 213 Mo. 577, 588.] The defendant insists that the petition is insufficient to support the judgment for the reason that it fails to allege facts which show any causal connection between the negligence charged and the injury to the plaintiff.   The petition charges substantially that plaintiff was driving his horse and buggy along one of the public streets of the city of Springfield and saw the defendant approaching about three hundred feet distant in his automobile, which automobile was running

at a very high rate of speed and emitting loud and unusual noises; that plaintiff's horse immediately became frightened thereat and gave evidence of such fright by rearing and pitching and in so doing overturned the buggy and threw plaintiff violently to the ground. It then charges that defendant saw his horse at the time it became frightened, or by exercising reasonable diligence could have seen it, but negligently and carelessly caused said automobile, making the loud and unusual noises, as aforesaid, to continue in the direction of said horse at the same dangerous rate of speed; that on account of said horse becoming frightened at the automobile aforesaid and overturning the buggy throwing plaintiff to the ground, plaintiff was injured, etc. Now, it is true the petition is inartistically drawn and the causal connection between the alleged negligent act of the defendant and plaintiff's injury is not clearly and pointedly stated. Be this as it may, there was no demurrer interposed to the petition in the trial court and the assault made thereon now is after verdict and judgment for the plaintiff. In such circumstances every reasonable presumption will be indulged in favor of the pleading and even though material matter be not expressly averred in the petition, the pleading will be considered sufficient after a verdict, if the causal connection between the injury and the negligence is either necessarily implied or may reasonably be inferred from the facts stated. The petition is certainly good after verdict. No other reasonable inference can be drawn therefrom than that the plaintiff received his injury as a result of the negligent acts complained of; that is, that defendant continued to drive his machine forward at a high rate of speed, emitting loud and unusual noises, after seeing, or constructively seeing, plaintiff's position of peril, and thus occasioned the injury. The following authorities are in point: Thomasson v. Ins. Co., 217 Mo. 485, 116 S. W. 1092, 114 Mo. App. 109; Munchow v. Munchow, 96 Mo. App. 553.

See also our Statutes of Jeofails, section 672, Revised Statutes 1899; section 672, Ann. St. That the petition is sufficient after verdict is clear. The question presented is not even debatable.

The judgment should be affirmed. It is so ordered. All concur.