Shepard v. Grier et al.

## C. G. SHEPARD, Respondent, v. H. P. GRIER, et al., Appellants.

**St. Louis Court of Appeals, November 7, 1911.**

1. **OPINION OF SPRINGFIELD COURT OF APPEALS ADOPTED.** The opinion of the Springfield Court of Appeals in this case (149 Mo. App. 428) is adopted as the opinion of the court.

2. **NUNC PRO TUNC ORDER: Necessity of Documentary Evidence.** A *nunc pro tunc* record entry can only be made at a subsequent term when sustained by some entry or memorandum on file, or on the minutes of the clerk or the docket of the court, made at the trial term, and cannot be made on the recollection of the judge himself or on any evidence *aliunde* the record.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. W. Corbett* for appellant.

*C. G. Shepard* and *A. L. Oliver* for respondent.

PER CURIAM.—This case, an appeal from the action of the circuit court of Pemiscot county in refusing to enter of record what was claimed to have been an entry of appearance by plaintiff (respondent here) in a case appealed by defendant from a justice of the peace, the appearance claimed to have been entered at a prior term of the circuit court, was originally brought to this court from the circuit court of Pemiscot county and was transferred to the Springfield Court of Appeals, in accordance with the provisions of an Act of the General Assembly of this state, approved June 12, 1909. [Now section 3939, R. S. 1909.] The case was there submitted on briefs without oral argument and the judgment of the circuit court affirmed, the opinion

written by Presiding-Judge Nixon. That opinion will be found in 149 Mo. App. 428, 129 S. W. 1049, the case there being reported under the title "Shepard v. Tinsley et al." The Supreme Court subsequently declared the Act of the Legislature above referred to unconstitutional and held that the Springfield Court of Appeals had no jurisdiction in causes so transferred, even when those cases had been submitted to that court by the respective parties. [See State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336; State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Malley v. Nixon, 233 Mo. 345, 138 S. W. 342.] This cause was accordingly sent back to this court by the Springfield Court of Appeals. It was argued before us orally by counsel for apellants, counsel for respondent submitting in on brief.

Accepting the statement of fact made by Judge Nixon as correct, we hold that the conclusion reached by that court on those facts is also correct. *Nunc pro tunc* entries can only be made by the court at a subsequent term when sustained by some entry or memorandum on file in the case, or on the minutes of the clerk or docket of the court, made at the prior term. They cannot be made on the recollection of the judge himself or on any testimony *aliunde* the record. [Coy v. Landers, 146 Mo. App. 413, 125 S. W. 789.]

The judgment of the circuit court of Pemiscot county is affirmed. All concur.