## A. CANADY, Appellant, v. ELLA M. MELETTE, Respondent.

### Springfield Court of Appeals, April 7, 1913.

1. **APPEAL AND ERROR: Abstract of Record: Omitting to Designate Errors Complained of: Judgment Affirmed.** Where the abstract of the record does not show what errors were urged upon the trial court in motion for new trial, simply stating that such motion "was in the usual form," the appellate court must affirm the judgment.

2. **———: Alleging Error for First Time in Appellate Court: Not Considered.** Errors alleged for the first time in the appellate court will not be considered.

3. **———: Errors Set Out in Motion for New Trial: None Others Considered.** The appellate court will consider only those errors which were called to the attention of the trial court in a motion for a new trial.

Appeal from Stone Circuit Court.—*Hon. J. T. Moore,* Judge.

AFFIRMED.

*O. H. Travers* for appellant.

(1) At the time the conveyance was made to Ella M. Mellette, the consideration was paid by J. E. Mellette. Thus a resulting trust arose in his favor. Richardson v. Champion, 143 Mo. 538; Crawford v. Jones, 163 Mo. 577; Heil v. Heil, 184 Mo. 675; Kelley v. Johnson, 28 Mo. 249; Stevenson v. Haynes, 220 Mo. 199; Stevens v. Fitzpatrick, 218 Mo. 708. (2) J. E. Mellette was insolvent when the conveyance was made, and an insolvent debtor cannot make a conveyance to defeat his creditor's claims. Hardware Co. v. Horn, 146 Mo. 129. (3) The assignment of J. E. Mellette to his wife, Ella M. Mellette, of the contract and the land described in it was simply a gift to her and is void as to the creditors of J. E. Mellette. She knew

her husband was insolvent when this assignment was made, and knew of his indebtedness to plaintiff. Aul v. Gaffin, 234 Mo. 171; Bank v. Vollrath, 135 Mo. App. 66. (4) Though J. E. Mellette were indebted to his wife, Ella M., yet the assignment to her of all his interest in the contract placed his property beyond the reach of his creditors, or attempted to do so. Such attempt on his part was fraudulent as to his creditors. She participated in it, and though it may have paid a valid debt to her, the entire transaction was void. Balz v. Nelson, 171 Mo. 682; Bank v. Winn, 132 Mo. 87; Riley v. Vaughan, 116 Mo. 176; Sexton v. Anderson, 95 Mo. 379; Farrell v. Myer, 67 Mo. App. 566. (5) Transfers by husband and wife should be scrutinized with care by the court. Gruner v. Schultz, 154 Mo. 415; Jones v. Hogan, 135 Mo. App. 363.

*G. W. Thornberry* for respondent.

It is the settled doctrine that the proofs to establish a resulting trust, must be clear, cogent and satisfying. Stevenson v. Haynes, 220 Mo. 208. (2) While transactions between husband and wife, where the rights of creditors are affected, should be closely scrutinized to see they do not hide and consummate fraud, courts should always be mindful, withal, that judicial zeal to uncover and smite fraud must not be pushed so far as to dam up a natural and proper flow of marital affection, or whittle away the duty of a husband to be just to his wife. Cole v. Cole, 231 Mo. 255. (3) The deed antedates the judgment under which the plaintiff (the defendant in this case) purchased the property, and if it was made in good faith in payment of a debt due the wife it should stand, for a debt due to the wife stands on as good footing as a debt due to any other person, and she may be given the preference over other creditors. Hart v. Leets, 104 Mo. 337-338.

ROBERTSON, P. J.—Plaintiff alleges in his petition that the defendant is the widow of J. E. Mellette who died in Springfield in March, 1910; that on May 29, 1899, the plaintiff recovered judgment against the said deceased in the circuit court of Greene county for the sum of $275.85; that the said J. E. Mellette died insolvent and that there has been no administration on his estate; that on February 3, 1909, he obtained judgment for $525.65 in a suit on the first judgment; that on July 6, 1903, certain land in Stone county, Missouri, was conveyed to the defendant for the declared consideration of $7,572; that the defendant paid no part of said consideration nor any part of the purchase price of the land so conveyed, but that the whole of said purchase price was paid by the said J. E. Mellette with his funds; that at the time of said conveyance the said J. E. Mellette was indebted to the plaintitff in the sum represented by the judgment obtained on May 29, 1899, but had no lands in the State of Missouri subject to execution, or on which this judgment could be a lien, and that the said J. E. Mellette procured the conveyance of said lands to be made to the defendant to defraud this plaintiff.

The record does not disclose any answer but it is stated in respondent's brief that a general denial was filed.

Plaintiff offered in evidence a deed from some parties to the defendant dated July 6, 1903, wherein the consideration recited is one dollar, conveying the land described in the plaintiff's petition and other lands.

There was also offered in evidence a contract entered into between various parties and J. E. Mellette dated March 30, 1896, reciting that on April 5, 1894, those parties and J. E. Mellette had purchased certain lands therein described, and reciting that one of the parties therein named held the lands described in that contract in trust for another party and the said J. E.

Mellette. The land described in this contract amounted to over 11,000 acres and included the land mentioned in the plaintiff's petition. Appended to this contract was an assignment by J. E. Mellette to the defendant for the expressed consideration of $3000, dated April 3, 1898.

The testimony discloses that on November 7, 1881, the mother of J. E. Mellette conveyed by warranty deed 120 acres of land in Henry county, Indiana, to J. E. Mellette and the defendant "for and in consideration of natural love and affection and one dollar." The defendant testified that this land was used to pay the debts of J. E. Mellette and thereafter constituted the consideration for the assignment of the contract, to which reference has been made above.

The notes upon which the first judgment in favor of the plaintiff was rendered were introduced in evidence and were dated in the years 1896 and 1897.

The trial in the circuit court resulted in a decree in favor of the defendant and the plaintiff has appealed to this court, but the abstract of the record contains the following statement only in regard to the motion for new trial: "Plaintiff filed his motion for new trial and in arrest of judgment in the usual form and within the time, which were overruled and the plaintiff appealed to this court."

It is apparent from this condition of the record that we cannot consider the action of the trial court in entering this decree, for the reason that it is not shown here what errors were urged upon the trial court in plaintiff's effort to secure a new trial. This is a court of appellate jurisdiction and it is a rule of law long established, and supported by reason, that a trial court must first be given the opportunity to correct any errors upon which the appealing party seeks to rely before the jurisdiction of this court can be invoked; and if such were not the rule parties might raise for the first time in this court such objections as occur to them

and thereby secure reversals upon questions not considered or decided by the trial court, and such a practice would lead to unfair results.

It has uniformly been held in this State that errors alleged for the first time in the appellate court should not be considered, and that a motion for a new trial must be shown here to the end that we may ascertain what questions were decided by the trial court. [Street v. School Dist., 221 Mo. 663, 672, 120 S. W. 1159; Maplegreen Realty Co. v. Miss. Valley Trust Co., 237 Mo. 350, 362, 141 S. W. 621; Inv. Security Co. v. Williams, 143 Mo. App. 324, 126 S. W. 968; Coy v. Landers, 146 Mo. App. 413, 419, 125 S. W. 789.]

It necessarily follows that the judgment of the trial court must be affirmed. All concur.