SOLOMON THALER, Appellant, v. F. W. NIEDERMEYER et al., Respondents.

St. Louis Court of Appeals, November 3, 1914.

1. **NUNC PRO TUNC ENTRIES: Necessity of Documentary Evidence.** An entry *nunc pro tunc* cannot be made after final judgment and at a subsequent term from the memory of the judge or on parol proof derived from other sources, but can be made only where the facts justifying it are shown by the judge's minutes, the clerk's entries or some paper in the case.

2. **APPELLATE PRACTICE: Review: Preserving Exceptions.** Exceptions do not belong in the record proper, and exceptions so appearing are not reviewable on appeal.

Thaler v. Niedermeyer.

3. **NUNC PRO TUNC ENTRIES: Sufficiency of Documentary Evidence.** A recital in the record entry of a judgment of nonsuit, that plaintiff excepted to the ruling which compelled him to take the nonsuit, was sufficient to justify and require the entry of an order correcting, *nunc pro tunc*, the bill of exceptions filed by defendants upon their appealing from an order setting the nonsuit aside, so as to show that such exception was taken and saved by plaintiff.

4. **APPELLATE PRACTICE: Disposal of Case: Entering Judgment in Appellate Court.** On appeal from the refusal of the trial court to correct a bill of exceptions, *nunc pro tunc*, so as to show that an exception was saved to the ruling which compelled plaintiff to take a nonsuit, when the main case also was pending on appeal, *held* that the appellate court, on determining that the bill of exceptions should have been corrected, will reverse the judgment of the lower court and enter a judgment correcting the bill of exceptions, *nunc pro tunc*.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

REVERSED AND JUDGMENT ENTERED BY COURT OF APPEALS.

*Alexander Young* and *Charles E. Morrow* for appellant.

(1) A bill of exceptions, like any other part of the record, may be amended *nunc pro tunc* upon evidence furnished by the "papers and files in the cause, or something of record or in the minute book or judge's docket as a basis to amend by." Gamble v. Daugherty, 71 Mo. 599; Young v. Young, 165 Mo. 624; Becher v. Deuser, 169 Mo. 165; Callier v. Railroad, 158 Mo. App. 249. (2) The record proper in this case, in the very face of the judgment written by the clerk at the time, shows the exception. The exception was also shown by the memorandum prepared by the attorney for the plaintiff made and filed under the rule of the court requiring such memorandum to be made and filed by attorneys, as well as the custom testified to by the clerk that the court required such a memorandum to be made and filed by attorneys. This is sufficient evi-

dence upon which to amend the bill of exceptions *nunc pro tunc* because it was conclusively shown by the record and papers that the exception was in fact made.

*E. W. Hinton* and *McBaine & Clark* for respondents.

(1) The trial court properly refused to amend the record *nunc pro tunc*. There was no record, minute or paper in the case to base an amendment upon or to show appellant intended to incorporate the omitted exception in the bill of exceptions. Saxton v. Smith, 50 Mo. 490; State v. Jeffors, 64 Mo. 378; Danforth v. Railroad, 123 Mo. 196; Ross v. Railroad, 141 Mo. 390; Railroad v. Holschlag, 144 Mo. 253; Becher v. Deuser, 169 Mo. 159; State v. Libby, 203 Mo. 596; Murphy v. Cooperage Co., 168 Mo. App. 11; Shepard v. Grier, 160 Mo. App. 613; Callier v. Railroad, 158 Mo. App. 249; Coy v. Landers, 146 Mo. App. 413; Publishing Co. v. Allen, 134 Mo. App. 229. (2) The memorandum in the handwriting of plaintiff's attorney wasn't competent evidence upon which to base an amendment of the record. Railroad v. Holschlag, 144 Mo. 253; Callier v. Railroad, 158 Mo. App. 249; Becher v. Deuser, 169 Mo. 159; Chambers v. Bernasconi, 1 C. and J. 451; Smith v. Blakey, L. R. 2 Q. B. 326; Perry v. Block, 1 Mo. 484; Fabian v. Grabow, 134 Mo. App. 193; Gott v. Williams, 29 Mo. 461; Cutter v. Waddingham, 33 Mo. 269. (3) The recital by the clerk in the order of the court that an exception has been saved was an extra official act, a mere nullity and not sufficient to base an amendment upon. Nicholson v. Stevens, 123 Mo. 96; State v. Weinegard, 168 Mo. 491; Phillips v. Jones, 176 Mo. 328; Mason v. Smith, 124 Mo. App. 596.

ALLEN, J.—This is an appeal from an order overruling a motion to amend a bill of exceptions *nunc pro tunc*. The action was one for fraud and deceit

growing out of a real estate transaction. The court
compelled a nonsuit, but upon plaintiff's motion, the
same was set aside as to two of the defendants, and
the latter appealed. The defendants' bill of excep-
tions was, on August 30, 1912, duly allowed, signed and
filed and made a part of the record. Such bill of ex-
ceptions showed no exception saved by plaintiff to the
action of the trial court in giving peremptory instruc-
tions compelling the nonsuit; and on March 10, 1914,
plaintiff filed a motion to amend the bill of exceptions
*nunc pro tunc,* so as to show the saving of such ex-
ception by plaintiff.

Upon the hearing of this motion, it was shown by
plaintiff that, immediately following the court's ruling
in question, plaintiff's counsel filed with the clerk a
memorandum stating, among other things, that plain-
tiff duly excepted thereto.

It further appeared that the record entry of the
judgment, entered by the clerk at the time of the tak-
ing of the involuntary nonsuit, showed that plaintiff
excepted to the ruling at the time. This record entry
is in part as follows:

"Now at this day come again the parties hereto,
by their respective attorneys, . . . and at the close
of plaintiff's case the court, . . . gave to the jury
the following (instructions). . . . To which action
of the court in giving said instructions the plaintiff
at the time then and there duly excepted, and says,
owing to the adverse rulings of the court, as aforesaid,
that he will not further prosecute his suit in this be-
half, but with leave to move to set the same aside, will
take a nonsuit. Wherefore it is ordered and ad-
judged," etc.

The court declined, however, to order the bill of
exceptions amended *nunc pro tunc,* and entered an or-
der overruling plaintiff's motion. Plaintiff thereupon
brought the matter here for review, and his said ap-

peal has been here docketed and heard together with that of defendants in the case proper.

Defendants (respondents here, in this proceeding) insist that there was nothing upon which to base a *nunc pro tunc* entry amending or correcting the bill of exceptions; that neither the memorandum of counsel nor the clerk's entries furnished a basis therefor.

It is said that the memorandum was not a paper in the case, or at least not one required by law to be filed, and was not evidence upon which a *nunc pro tunc* order could be made. And in support of this defendants call particular attention to the following cases: M., K. & E. Ry. Co. v. Holschlag, 144 Mo. 253, 45 S. W. 1101; Callier v. Railroad, 158 Mo. App. 249, 138 S. W. 660; Becher v. Deuser, 169 Mo. 159, 69 S. W. 363. Plaintiff, on the other hand, contends that the memorandum was sufficient for the purposes aforesaid, particularly in view of a certain rule of the circuit court, in force at the time, providing for the filing of a memorandum with the clerk when "an order is granted by the court upon an oral motion." We find it unnecessary, however, to pass upon this phase of the matter, and will hence not discuss it.

We think that it cannot be doubted that the recital in the record entry of the judgment itself, to the effect that plaintiff duly and timely excepted to the action of the court compelling the nonsuit, afforded sufficient evidence, and evidence of the requisite high character, to warrant the court in ordering the *nunc pro tunc* entry made in the bill of exceptions.

It is the settled law of this State that, after final judgment and at a subsequent term, entries *nunc pro tunc* can only be made where the record in some way shows, either from the judge's minutes, the clerk's entries, or some paper in the case, the facts authorizing such an entry. Such entries cannot be made from the memory of the judge, nor on parol proof derived from other sources. [See Collier v. Lead Company, 208 Mo.

l. c. 272, 273, 106 S. W. 971, and cases cited; State v. Libby, 203 Mo. 596, 102 S. W. 641; Coy v. Landers, 146 Mo. App. l. c. 420, 125 S. W. 789; Lindsey v. Nagel, 157 Mo. App. 128, 137 S. W. 912; Callier v. Railroad, supra; Shepard v. Grier, 160 Mo. App. 613, 140 S. W. 932.] But the settled rule, reiterated in these and other cases, recognizes that such *nunc pro tunc* entries may properly be made from evidence furnished by the clerk's entries in the court's records, made at the time in question. Here the clerk's entry, in the record of the very judgment or order itself, recites the very fact which plaintiff seeks to have entered in the bill of exceptions, *nunc pro tunc.*

It is argued by defendants' counsel that no duty rested upon the clerk to record the saving of exceptions, and, not being an act required by law to be by him performed, it is wholly nugatory and furnishes no basis by which to make the amendment or correction in question. We are cited to no authority sustaining this proposition. It is quite true that exceptions do not belong in the record proper, and if they are so found here we cannot consider them; but this does not mean that the clerk's entries in the record proper may not afford a basis for a *nunc pro tunc* entry below correcting the bill of exceptions, inserting an exception in its proper place. Nor is what is said in M., K. & E. Ry. Co. v. Halschlag and Callier v. Railroad, supra, as to what is ''a paper in the case'' which may afford a basis for a *nunc pro tunc* entry, here applicable. There can be no doubt that the record entry here in question is an entry of record in the cause, and solemnly records the happening of the very thing which plaintiff now seeks to have the bill of exceptions show. The bill of exceptions, when duly approved, signed and filed, became a part of this same record. The fact that plaintiff duly and timely excepted to the ruling in question appeared upon this record; but it did not appear in the proper part thereof, to-wit, the bill of

exceptions. It would be a strange doctrine indeed, if, with the record entry before it, and that too in the very judgment or order itself, the court was powerless to correct that part of the record consisting of the bill of exceptions by a *nunc pro tunc* entry, to make it conform with what the court's own records showed to be true, and to make the bill of exceptions speak the truth.

A further argument of counsel is based upon what is said in Coy v. Landers, supra, where it was held that under the circumstances appearing, the trial court could not make an order, *nunc pro tunc*, incorporating the motion for a new trial into the bill of exceptions, where such motion had neither been copied therein nor called for. It was said: "There is naught in the shape of a note or memorandum in the present record or files indicating the truth of the proposition that the motion for a new trial was ever intended to be incorporated in the bill or presented here for review, and in the absence of such, it may not be incorporated by a *nunc pro tunc* entry based on the mere showing that it was filed, considered, overruled and an exception saved to such ruling." But the question here is not whether there was an intention to incorporate the contents of some paper into the bill of exceptions—if such question of intention would be here pertinent, as this is defendants' bill of exceptions and not plaintiff's. The amendment here sought is for the sole purpose of having the bill of exceptions show that plaintiff duly excepted to a certain ruling; which in truth and fact he did, as the court's records attest.

We do not mean to say that it is necessary for plaintiff to preserve an exception to the ruling in question, when the case proper is here on defendants' appeal from an order setting aside the nonsuit and granting a new trial. That question we discuss in disposing of defendants' said appeal. We hold, however, that the trial court, under the circumstances here ap-

pearing, should have made the entry, *nunc pro tunc,* at plaintiff's instance, correcting the bill of exceptions.

The order of the lower court in the premises will therefore be reversed, and judgment entered here amending the bill of exceptions, *nunc pro tunc,* as prayed by plaintiff. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.