<hr />

KINNEY, Respondent, v. MILLER, *et al.*, Appellants.

1. Matter set up in an answer as a counter claim should be separately stated.
2. Where an answer improperly blends and defectively states matters set forth therein as a defence and as a counter claim, the proper mode of taking advantage of the defect is, not by demurrer to the whole answer, but by motion to strike out either the whole of it or such portions as are defectively pleaded.

*Appeal from Stoddard Circuit Court.*

This was an action on a promissory note for $350 executed by defendants. The court sustained a demurrer to the following answer : " Defendants, for answer to plaintiff's petition, say, they admit that they executed the note sued on, but defendants further state that they were induced to execute the said note by false and fraudulent representation of plaintiff—that is to say, plaintiff induced defendants to believe that he was the owner of the west half of the southeast quarter, and the east half of the south-west quarter of section thirty-six, in township, &c., containing one hundred

and sixty acres, and by the false and fraudulent represen-
tations of plaintiff, as aforesaid, thereby induced Stephen
Miller, the defendant first above named, to purchase the
above described real estate of plaintiff, for which the said note
was executed by said Stephen as principal and F. W. Miller
as his security; when in truth and in fact the said plaintiff
had no right whatever to the west half of the south-east quar-
ter of section thirty-six, in township, &c., containing eighty
acres, but said land belonged at that time to the Cairo & Ful-
ton Railroad Company of Missouri. And defendant further
states that he has made valuable and lasting improvements
on said land by clearing the land of trees and brush, and put-
ting up fencing thereon, and digging of well, worth two hun-
dred dollars. Therefore defendants ask that the contract be
rescinded and the note cancelled; and defendants further
state that by the false and fraudulent representations afore-
said, made by the plaintiff to defendants, they, defendants,
are damaged to the amount of five hundred dollars; for
which they ask judgment."

The sustaining a demurrer to this answer constitutes the
error complained of.

*Noell*, for appellants.

I. The court erred in sustaining the demurrer to the an-
swer. The answer set up a good defence. The fact that the
title to one half the land had failed was a sufficient ground
for a rescission of the contract of sale. At all events defen-
dants were entitled to a recoupment of damages against the
claim for the purchase money. (16 Mo. 369; Coffman v.
Huck, 19 Mo. 435; 24 Mo. 496.)

RICHARDSON, Judge, delivered the opinion of the court.

According to the present practice a demurrer will not lie
to an answer except so far as it contains new matter consti-
tuting a counter claim. The whole subject is regulated by
article 6 of Practice in Criminal Cases. (R. C. 1855, p.
1226.) The only pleading on the part of the defendant is

either a demurrer or an answer. (Sec. 4.) The office of a demurrer is defined in the sixth section; and the answer must contain, "*First,* a special denial of each material allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; *Second,* a statement of any new matter constituting a defence or counter claim, in ordinary and concise language, without repetition." (Sec. 12). The counter claim can not be for *any* cause of controversy between the plaintiff and defendant, but "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: *First,* a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action; *Second,* in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." (Sec. 13.)

The matter constituting the counter claim ought not to be blended with the matter intended simply as a defence, but should be separately stated, with all the distinctness that would be required if the defendant was suing the plaintiff in an independent proceeding; and the objection for improperly blending statements touching the defence and those relating to a counter claim may be raised by motion to strike out. The defendant may set forth as many "counter claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both," but "they must each be separately stated, in such manner that they may be intelligibly distinguished, and refer to the causes of action which they are intended to answer" (sec. 13); and a violation of this rule will invite a demurrer.

If a defendant has a defence and also counter claims, he ought in the answer to state separately, in one portion of it, every thing which properly goes to the defence, and then distinctly state, in the nature of separate counts, matter intended as counter claims. If that part of the answer which

goes only to the defence, as such, is defective in whole or in part, for any of the reasons that apply to ordinary answers, the objection may be taken by motion to strike out the whole or such parts as are insufficient. Then as to the counter claims, the plaintiff may demur to such as are insufficiently stated, for the reasons that apply to petitions so far as they are applicable, or that they are not allowed by the 13th section. The demurrer must point specifically to the counts or counter claims at which it is aimed, and the plaintiff may demur to one or more and reply to the others; and if the reply is insufficient the defendant may demur. (Sec. 17.) If the reply contains redundant, impertinent or irrelevant matter, and yet is not obnoxious to a demurrer, such matter may be stricken out on motion. Rejoinders are not allowed, but the cause is at issue when the replication is filed and has escaped a demurrer or motion. (Sec. 19.) If the counter claim contains a cause of action, and is not subject to the operation of a demurrer, but contains matter which of a like character in a petition would be stricken out, such matter may be reached by a motion to strike out.

Applying these rules to this case, it will be observed that though the matter intended as a counter claim is so mixed with that part intended as a defence that it is difficult to see where one ends and the other begins, yet the objection could not be taken by demurrer; for the demurrer is to the whole answer, and it can not legitimately operate on any thing but that part which is intended as a counter claim. The proper mode of taking advantage of the bad pleading of the defendant was by motion to strike out. If the whole answer was bad, the motion should have been directed to the whole of it, or to such parts as were insufficiently stated or improperly pleaded. The facts stated in the answer showed a partial failure at least of the consideration of the note, caused by the misrepresentation of the plaintiff, and the facts alluded to in the answer, if true and charged in proper form and with sufficient legal precision, might entitle the defendant to a rescission of the contract of purchase.

It does not appear by any positive averment that the plaintiff knew, at the time of the sale, that he had no title to part of the land, or that the purchaser was deceived, or that the tract which belonged to the railroad company was the inducement to the purchase of the other part. These facts or some of them would be important in considering the question whether there was a partial or total failure of consideration; but in any view there was enough in the answer to save it from the summary and irregular disposition the court made of it. The defendant should have leave to amend his answer. The other judges concurring, the judgment will be reversed and the cause remanded.