PHILIP HOLZBAUER *et al.*, Respondents, *v.* JOSEPH HEINE *et al.*, Appellants.

*Practice—Pleading—Counter-claim.*—An answer of defendant, setting up an account of payments made by defendant to plaintiff, &c., is not a counter-claim, and is not confessed by the plaintiff's failing to file a replication ; it is a plea of payment in bar of the action.

*Appeal from St. Louis Land Court.*

*Krum & Harding*, for appellants.

*Wingate* and *Harris*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought in the St. Louis Land Court to enforce a mechanic's lien for work and materials furnished by the respondents in building certain houses in the city of St. Louis. The answer traversed the allegation of the petition, and set up as a defence payments to an amount in excess of the plaintiffs' demand. No reply was filed to the answer.

At the trial, the appellants' counsel moved the court to give judgment by default against the respondents, because no reply was filed. This motion was overruled by the court, and exceptions were taken.

After the evidence in the case was submitted to the jury, the appellants asked the court to instruct the jury, that the plaintiffs not having filed any pleading traversing or denying the account set up as a defence to the demand set forth and claimed in the petition, they should therefore consider the account as admitted ; which instruction the court refused to give, and a verdict being rendered for respondent, the case was brought here by appeal.

In pleading under the code, the answer of the defendant must contain a special denial of each material allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief ; or a statement of any new matter constituting a defence or counter-claim (R. C. 1851, p. 232, § 12.) The counter-claim must

be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action. (§ 13.) A counter-claim must contain the substance necessary to sustain an action, on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. It must have a tendency to show an independent cause of action, a claim existing in favor of the defendant against the plaintiff, arising either out of the contract or transaction sued on, or on some other contract. Where there is no counter-claim set up in the answer, there is no necessity of a reply; and the failure to put one in, is not an admission of anything stated in the answer. (Vasseur v. Livingston, 3 Kern. 248, affirming S. C. 4 Duer, 285.)

The term counter-claim is new to the law, and not to be found in the dictionaries, and some of the New York judges have animadverted with great severity on the framers of the code for using a term not only new but which had no definitely established legal meaning.

But surely the term is sufficiently plain and simple, where the defendant has against the plaintiff a cause of action upon which he might have maintained a suit, such cause of action is a counter-claim. The parties, then, have cross-demands, and, in effect, there are two causes of action before the court, for trial in the same suit. Both parties are to a certain extent plaintiffs and both defendants.

The answer, then, does not substantially differ from a petition, and the reply to the answer performs substantially the same office as the answer to the petition. Each party claims affirmative relief from the other.

If both parties establish their claims, the judgment is rendered for the one or the other, accordingly as his demand may be found to be in excess.

From this view of the elements which are essential to constitute a counter-claim, it is manifest that the matter stated by the appellants in the answer did not amount to such a pleading.

Where the defendant sets up a counter-claim in pleading,

the presumption is that the plaintiff has a good cause of action against him, and he proposes to meet it by establishing another cause of action against the plaintiff.

But here the appellants say in effect in their answer, that the respondents had no cause of action against them at the commencement of the suit; that when the action was begun they had fully paid off and satisfied the demand claimed in the account. The answer, then, does not plead a counter-claim which would go to establish an independent cross-demand, but payment of the account, which goes simply to the defence of the action.

There is no pretence of a cross-demand against the respondents. The allegations in the answer assert that there was no cause of action against the appellants; that the amount sued for had been paid.

Such matters required no reply. There are two items, the claim for lumber and damages, which are properly the subject of counter-claim; but as they are included in the account for payment, and pleaded as payment, they cannot be distinguished from the balance.

Judgment affirmed. The other judges concur.