JOSEPH HAY, Respondent, v. JAMES SHORT, Appellant. *

1. *Evidence — Supreme Court.* — This court will not in a law case balance the evidence.
2. *Pleading — Motion to amend — Verdict — Statute of Jeofails.* — An answer which might be a proper subject for a motion to make it more definite, where the meaning of the pleader is unmistakable will be sufficient after verdict.
3. *Pleading — Recoupment — Judgment for, when in excess of amount sued for.* — Prior to the code, if a defendant was entitled to an amount of damages for breach of the contract sued on, he could not, as defendant, obtain the "affirmative relief" to which he was entitled, but must commence a new action. Now, under section 2, article XI, p. 1051, Wagn. Stat., he may recover in the same action the amount by which his claim exceeds that of plaintiff, whether such claim be in the nature of set-off or recoupment. Both species of cross-action are now embraced in the term "counter-claim." (Wagn. Stat. 1015-16, § 12 ; Language of Holmes, J., in Jones v. Moore, 42 Mo. 419, touching definition of counter-claim, criticised.)

*Error to Sixth District Court.*

*H. C. Lackland,* for appellant.

Where the amount proved on the counter-claim exceeds the sum found due plaintiff, the court may give defendant judgment for

* This case was decided at the October term, 1870, and should properly have been published in a prior volume. — REP.

the balance. (Gen. Stat. 1865, ch. 171, § 2; *id.* ch. 165, §§ 12, 13; Nelson v. Johnson, 25 Mo. 430 *et seq.*; House v. Marshall, 18 Mo. 368–74; Grand Lodge v. Knox, 20 Mo. 433; Ogden v. Coddington, 2 E. D. Smith, 317, 323; 1 Van Santv. Pl. 545, 569.)

Counter-claims embrace both set-offs and recoupments, as they were understood prior to the code. (Pattison v. Richards, 22 Barb. 146; Ramsey v. Smith, 6 How. Pr. 420; 9 Van Santv. Pl. 545.)

*E. A. Lewis*, for respondent.

I. Defendant's claim was not subject-matter for recoupment, since it does not appear to have grown out of the rent contract as developed in the pleadings. (Barb. Set-off, 26; Sedgw. Dam. 431; Grand Lodge v. Knox, 20 Mo. 433.)

II. Even were this a case of recoupment, defendant could not recover an excess over plaintiff's claim. (Waterm. Set-off, § 425; Grand Lodge v. Knox, *supra;* Batterman v. Pierce, 3 Hill, 171, 174.)

BLISS, Judge, delivered the opinion of the court.

This was an action for rents, the value of one-third of a crop of corn raised upon shares, and was tried upon a counter-claim for damages suffered by defendant from failure on the part of the plaintiff to keep up his fence as he had agreed. Defendant obtained judgment for $21, which was recovered in the District Court.

It appears that plaintiff, by a verbal demise, leased to defendant six acres of land in a field of sixty acres at a rent of one-third of the crop. A portion of the remaining part of the field was leased to another, but most of it was retained by the plaintiff. Adjoining the field was a pasture also occupied by plaintiff, in which were kept cattle, hogs, etc. The fence between the two fields was under his exclusive control, and defendant, by way of counter-claim, alleged that when he rented the land there was a good fence around the field sufficient to turn stock; that plaintiff, by the contract of rental, was to keep the fence in order, and was

not to permit stock to come into the inclosure, but that he let down the fence and left it down so that his cattle and hogs came into the field, destroyed the crop, etc. Defendant upon the trial undertook to prove the contract in relation to the fence as well as the damages, and the court instructed the jury that they must find that the plaintiff, in the contract of rental upon which the suit was brought, agreed to keep up the fence and keep out the cattle, etc., in order to sustain the demand embraced in the counter-claim, and if they did so find they might give the defendant his damages, and if they amounted to more than what was due the plaintiff for rent they should give him a verdict for the balance. One of the objections to the judgment is based upon the alleged insufficiency of the evidence to sustain the agreement, yet there was evidence tending to prove this issue, and it is not for us to say after the verdict of a jury whether it was sufficient or not.

The other objections to the judgment go to the right of recovery, admitting the answer to be true; and first, it is claimed that defendant cannot recoup his damages, because they are charged to have arisen from a trespass by the plaintiff. It is unnecessary to say what rights the defendant would have in the premises if the fence upon which he relied for protection were around the close leased by him and were under his control, and there was no express contract in relation to it. In that case the question would arise, considered in Mayor, etc., v. Mabie, 13 N. Y. 151, whether the act complained of was a violation of an implied agreement for quiet enjoyment, and was a proper subject for counter-claim as "arising out of the contract or transaction set forth in the petition," or was a tort that could only be the subject of a separate action. But the answer does not charge a tort. It is true it is not full and clear as to plaintiff's possession of the fence and his agreement, and should have been reformed on motion. But the objection was merely formal, the intent of the pleader could not be misunderstood, and it should be considered sufficient after verdict. The wrong complained of was a violation of the plaintiff's agreement; it arose out of the contract upon which the suit is based, and entitled the defendant to relief by way of recoupment.

The plaintiff also objects to the judgment as rendered in favor of defendant because, whatever the damages proven, he could only reduce or extinguish the claim against him, and was not entitled to a judgment for any balance supposed to be his due. In considering this point we must see whether any (and if any, what) changes that bear upon it have been introduced by the code.

Under the old system this claim for damages would have been set up by way of recoupment, and could not have been matter of set-off. But these terms are unknown to the code, and are both embraced in the word " counter-claim." Whenever the defendant claims that the contract upon which suit is brought has been violated by the plaintiff, and desires in the pending action to recoup the damages suffered by him in consequence, or whenever he would recover of the plaintiff a demand arising upon a contract extrinsic to that upon which the plaintiff's demand is founded, in either case the new matter set out constitutes a counter-claim. (Holzbauer v. Heine, 37 Mo. 444 ; Pattison v-Richards, 22 Barb. 146.) The law, however, that gives or withholds the right to set up one or the other, is not changed, and the import and scope thus given to the word " counter-claim" only become important in the present case in considering the nature and extent of the judgment to which, under the code, it entitles the defendant.

It is not disputed that before the adoption of the code a defendant who sought to recoup his damages was not entitled to an affirmative judgment. He could reduce or extinguish the plaintiff's claim, and no more. (Waterm. Set-off, etc., § 425.) Still cases sometimes arose where a defendant was justly entitled to a greater amount of damages for breach of a contract than was due the plaintiff according to its terms. In that case it became necessary for him to abandon his recoupment and bring a separate action, and thus two suits were prosecuted, when, but for this limitation, one would have settled the claims of both parties. Such limitation did not then apply to the prosecution of a set-off, and now the statute has placed set-offs and recoupments upon the same footing. Section 2, chapter 171, Gen. Stat. 1865 (Wagn. Stat. 1051, § 2), authorizes judgments for

defendants, and provides that such judgments may determine the ultimate rights of the parties upon each side as between themselves, and grant the defendant any affirmative relief to which he may be entitled. This covers the whole ground. If the defendant states "any new matter constituting a defense," *i. e.*, presents facts showing that the plaintiff is not entitled to recover, the "ultimate rights" of each party in relation to the facts so presented must be determined. Or if the defendant states "any new matter constituting a counter-claim," *i. e.*, presents an affirmative claim against the plaintiff, by way of recoupment or set-off, his "ultimate rights" must be determined, and any "affirmative relief" must be granted him to which he may be entitled. This does not change the law in relation to set-offs, but only in relation to recoupments. Formerly, if a defendant was entitled to an amount of damages for a breach of the contract sued on, greater than the claim of the plaintiff, he could not, as defendant, obtain the "affirmative relief" to which he was entitled, but must commence a new action. Now no such necessity is imposed upon him, and for the amount by which his claim exceeds that of the plaintiff, he may recover judgment.

I do not find this question to have been raised in this court since the adoption of the code, although a remark was made upon the subject by Judge Ryland at the close of his opinion in House v. Marshall, 18 Mo. 368. But in New York (from whose statutes ours was copied), whenever the question has come up, the same view has been held as is herein given. (Ogden v. Coddington, 2 E. D. Smith, 317; Davidson v. Remington, 12 How. 310.)

The majority of the judges of the District Court sustained the plaintiff's view of the question herein discussed; and the other judges concurring, its judgment is reversed and that of the Circuit Court affirmed.

I ought to remark that there must have been a misprint or an error in the report of the language of Judge Holmes in Jones v. Moore, 42 Mo. 419, where he is made to say: "A recoupment or set-off is not of the nature of a defense or plea in bar, but admits the cause of action and claims an allowance in diminution of the

plaintiff's demand, *and it is not a counter-claim.*" The last phrase cannot be correctly given if he intended the word *it* to refer to recoupment or set-off; for it is not only contrary to the spirit of the whole opinion, and contrary to the opinion of the court in Holzbauer v. Heine, *supra,* concurred in by him, but also to an express recognition by him of a contrary view in Tarwater v. Hann. & St. Jo. R.R. Co., 42 Mo. 196.