ALBERT TURNEY, Respondent, v. ANDREW J. BAKER, Appellant.

Kansas City Court of Appeals, December 7, 1903.

1. **PLEADINGS: Defense: Counterclaim: Instructions.** On the pleadings set out in the opinion, it is held that there was no special defense pleaded to plaintiff's action but a mere general denial, and that the answer set up a counterclaim. Therefore, an instruction submitting plaintiff's case on the facts alleged in his petition need not refer to the counterclaim pleaded in the answer.

2. ———: ———: ———: ———. Instructions for the plaintiff submitting the counterclaim could have referred to matters pleaded in reply, and the fact that they did not was more prejudicial to the plaintiff than to the defendant.

3. ———: **Instructions.** An instruction should not be broader than the pleadings, and an instruction may be refused when the same matter is covered by other instructions.

4. ———: **Contract: Quantum Meruit: Performance.** Where a party has been prevented by defendant from complete performance of his contract, his failure is not an available defense against his action on a *quantum meruit* to recover the value of his services.

5. **EVIDENCE: Contract: Performance: Agency.** A conversation between plaintiff's agent and defendant's contractor as to the doing of certain work, is admissible against the defendant.

6. ———: **Expert: Hypothetical Questions.** Hypothetical questions to experts may assume facts where evidence tending to establish them is relevant to the theories of the parties.

**7. APPELLATE PRACTICE: Excessive Verdict: Motion for New Trial.** The appellate court can not consider the excessiveness of a verdict when no such ground of objection is contained in the motion for new trial.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellant.

(1) Instruction No. 4, given by the court at the instance of the plaintiff, which concluded by instructing the jury to find for the plaintiff upon the facts therein stated, and which wholly ignored the defense, was error. Carder v. Primm, 60 Mo. App. 423; Linn v. Massillion, 78 Mo. App. 111; Orscheln v. Scott, 79 Mo. App. 534; Desnoyer v. Lisman, 85 Mo. App. 340. (2) The case was submitted to the jury under the instructions upon a theory which permitted the jury to wholly ignore the defense made by the defendant, and was an unfair and partial submitting of the issues. Clapper v. Mendall, 69 S. W. (Mo.) 669 not yet reported.

*Brown, Harding & Brown* for respondent.

(1) Instruction No. 4 given on behalf of plaintiff was not error. The counterclaim was not set up as a defense to plaintiff's action, but was an independent action. There was no evidence to support the counterclaim. (2) Instruction No. 4 offered by defendant was properly refused, for three reasons: There was no evidence upon which to base the instruction. This instruction ignored and eliminated plaintiff's defense to the counterclaim. The instruction erroneously fixed the measure of damages. (3) As no complaint was made in appellant's motion for a new trial as to the verdict being excessive, he can not be heard to complain for the first time in this court. Watson v. Race, 46 Mo.

App. 547. (4) Instruction No. 9 was proper. The fact that plaintiff did not complete the work on account of his wrongful discharge by defendant was no defense to his action on *quantum meruit*. (5) The court committed no error in permitting plaintiff to prove the "reasonable value" of his services. (6) There was no error committed by the court in admitting in evidence the conversation between Hall and Turner. (7) The hypothetical questions propounded to the jury were proper.

SMITH, P. J.—The plaintiff in his petition alleged that he was an architect engaged in the practice of his profession and "that defendant employed him to assist in making a suitable selection and purchase of real estate in Kansas City on which to erect improvements and to inspect and examine buildings in said city and elsewhere to determine the character of the proposed buildings and to pay his expenses in so doing; to devise and prepare plans and specifications for such contemplated buildings and to superintend the construction thereof; that in pursuance of his employment by defendant as aforesaid, plaintiff inspected in company with defendant various tracts of land suitable for building sites in Kansas City, and elsewhere, and finally, by the advice and suggestion of plaintiff, defendant purchased a certain tract of ground at Sixteenth and Broadway in Kansas City, and that thereupon plaintiff in pursuance of his employment as aforesaid, and at the express direction of defendant, devised and prepared plans and specifications for the grading of the tract of ground so purchased and the construction of a stone wall around the same, and let the contracts therefor and plaintiff superintended at the instance of said defendant, and as a part of the employment as aforesaid, the work of grading said lot and the construction of said retaining wall. Plaintiff further states that at the special instance and request of defendant and as part of the employment

aforesaid, plaintiff devised and prepared preliminary plans for the erection and construction of two buildings upon said described tract of ground, and that plaintiff gave defendant various and frequent consultations regarding the improvement of said land as aforesaid, and that plaintiff has ever since been ready and willing to complete said plans and specifications therefor and to superintend the construction of said buildings, but that defendant in violation of the terms of his employment of plaintiff as aforesaid, and in disregard of plaintiff's rights has terminated said employment and has refused to permit plaintiff to finish and complete said plans and specifications, and to superintend the erection and construction of the buildings thereunder. Plaintiff says that in the inspection and examination of buildings at the instance of defendant as aforesaid, he expended the sum of about $175. Plaintiff states that a reasonable value of the services performed by him as aforesaid for defendant, together with the money expended, is twenty-five hundred dollars,'' etc.

The answer contained a general denial which was followed by an allegation to the effect that, "defendant admits that he employed the plaintiff to draw plans for and superintend the construction of a stone retaining wall mentioned in plaintiff's petition. That plaintiff undertook to do so, but so negligently and carelessly constructed said retaining wall, or caused the same to be constructed, as that the retaining wall aforesaid was so constructed as to project over on to the property of adjoining property owners, and other portions of said wall were so constructed as not to come out to the edge of defendant's line of property. That by reason of such negligence and carelessness on the part of the plaintiff, defendant has been damaged in the sum of two thousand, one hundred and sixty-eight dollars, for which, with his costs, he asks judgment over against the plaintiff.''

The replication of plaintiff denied that he was guilty of any negligence or carelessness in the construction of said retaining wall, and denied that any portion of said wall was or is constructed so as to project over defendant's lot on to other property, "but plaintiff says that said wall was constructed out of rough face stone and some points of which extended out further than others. Plaintiff admits that the base of a certain post erected at the southwest corner of said wall, projects over the line of defendant's lot some one to five inches, but says that said projections are largely occasioned by the projecting points of said rough stone. Plaintiff alleges that defendant knew of the position and projection of said stone while said stone was being erected, and that he consented and ordered the said post erected as it now stands, and that he has sustained no damage thereby."

We have thus set forth the pleadings *in extenso* so that one of the grounds upon which defendant seeks a reversal of the judgment may be fully understood.

The defendant objects that the plaintiff's fourth instruction, which submitted the case upon the theory of the petition, was erroneous because it wholly ignored his defense. The only defense pleaded to plaintiff's claim was that of a general denial. There was, however, a counterclaim pleaded. The case on the pleadings was one where the parties thereto alleged cross-demands. In effect there were two causes of action in the same action. Both parties were to a certain extent plaintiffs and both defendants. An answer in such case does not substantially differ from a petition and the reply to the answer performs the same office as the answer to the petition. Each party claims affirmative relief from the other. If both parties establish their claims the judgment is rendered for the one or the other accordingly as his demand may be found to be in excess. Kinney v. Miller, 25 Mo. 576. And so it has been said, a counterclaim must have a tendency to show an inde-

pendent cause of action—a claim existing in favor of the defendant against plaintiff arising either out of the contract or transaction sued on, or some other. Holzbauer v. Heine, 37 Mo. 443. It is thus seen that a defense is to be distinguished from a counterclaim. The defendant pleaded no special defense.

The plaintiff was entitled to a submission of the case on the facts hypothesized in his petition since he adduced evidence tending to support that hypothesis. There was no defense pleaded or proved to which a reference, if required—127 Mo. 427—could have been made in the plaintiff's instruction. There was nothing in the case requiring the submission of a qualification to it. Nor was it required that defendant's cause of action against plaintiff be referred to in it. The claim of plaintiff and the counterclaim of defendant were distinct and independent. The plaintiff's instruction was not subject to defendant's criticism. The rule requiring that an instruction for plaintiff which undertakes to submit the whole case must include a reference to the defendant's defense, has no application in a case like this where the defendant seeks to recover on a counterclaim or cross-demand.

The plaintiff's fifth, sixth and seventh instructions in substance told the jury that unless it was satisfied from the preponderance of the evidence that plaintiff negligently constructed said retaining wall or caused the same to be constructed so as to project over the lot of an adjoining proprietor and that other portions of it were so constructed as not to come to the edge of defendant's property, that defendant would be entitled to recover on his counterclaim. These instructions fairly submitted the defendant's counterclaim. They might have gone further and submitted the defense to the counterclaim pleaded by the replication. This was not done but the omission was more prejudicial to the plaintiff than to the defendant.

The defendant's fourth instruction which was

refused included in its hypothesis facts not pleaded by that part of the answer setting up a counterclaim. It was broader than the counterclaim alleged in that pleading. It omits any reference to the facts therein alleged and embraces others not embraced in the statement of the counterclaim. But had it been an accurate expression of the law as applicable to the counterclaim pleaded, its refusal would not have been prejudicial since it—the counterclaim—as already stated was sufficiently submitted by the plaintiff's instructions.

The defendant further objects to the ninth given for plaintiff which declared that even though plaintiff did not fully carry out his contract with defendant that this was no defense to the former's claim if the jury found that it was through no fault of such former that he was prevented, etc. The action was not on the contract but on a *quantum meruit*. It ought to be an indisputable proposition that if the plaintiff for no fault of his was prevented by defendant from completing performance, that his failure under such circumstances was not an available defense against the plaintiff's claim; and this was all that was asserted by said instruction.

The defendant's contention that the plaintiff was allowed to prove the value of his services as though he had carried out the contract, can not be sustained. The evidence, so far as we can understand it, tended to prove no more than the reasonable value of the services performed by the plaintiff under the contract. Any purpose to prove its value on the theory of a complete performance was expressly disavowed by the plaintiff at the trial.

It appears from the evidence that before plaintiff started on his tour of inspection, as required by the contract, that with the express approval of defendant he placed his two subordinates, Boillot and Hall, in charge in his stead as supervising architects, and when the question arose whether the pilaster was properly located the contractor Turner came to Hall and he

—Hall—gave him—Turner—instructions in respect to the location of the pilaster. The plaintiff was allowed to prove the conversation between Hall and Turner touching this matter and the action of the court in that regard was not erroneous. It was not different than if the plaintiff himself had directed the defendant's contractor in respect to the proper location, etc., of the pilaster.

The defendant complains that the court erred in permitting the plaintiff to put to the expert witnesses Rose and Markgraf certain hypothetical questions. The rule to be observed in putting hypothetical questions is that facts may be assumed where there is evidence tending to establish them relevant to the theories which the parties are attempting to uphold. Neudeck v. Grand Lodge, 61 Mo. App. l. c. 106, et seq.; Benjamin v. Railway, 50 Mo. App. 609. After a careful consideration of the questions propounded we have concluded that they did not trench upon the rule just stated. Some of them were needlessly long and involved, but in the main they were based upon facts which had some support in the evidence. There was no such error in this respect as would justify a reversal of the judgment.

Lastly, the defendant complains that the verdict was unconscionable and excessive and for that reason it should not be allowed to stand. On turning to the motion for a new trial we do not find that it contained any such ground of objection and for that reason we can not consider it here.

The judgment must be affirmed. All concur.