ALEXANDER BARBER, Appellant, v. BERNARD GREENSFELDER, Administrator Pendente Lite of HENRY BERGER, Deceased, Respondent.

Springfield Court of Appeals, January 3, 1911.

CONTRACT: Performance After Death: Contract to Cremate Body. B, during his lifetime, entered into a written contract with A, whereby he agreed to pay A $500 out of his estate in consideration that upon B's death, A would take his body to St. Louis and have it cremated, and pay all expenses thereof. This undertaking was accepted by A. Several years thereafter B went to St. Louis and died in a hospital there. On learning of his death, A went to St. Louis to take charge of B's remains, but on arrival found the body in charge of an undertaker, who intended to have it cremated, and who refused to give it up to A. A filed his claim in the probate court against the estate of B for the amount called for by the contract, alleging a breach thereof on the part of B in moving to St. Louis and in giving other orders as to his cremation. *Held*, that A was not entitled to recover for the evidence failed to show that B had breached the contract, or that any one, acting for him, having authority had prevented A from taking charge of the body and carrying out his part of the agreement.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Terry & Gueltig* and *J. P. Vastine* for appellant.

(1) The contract has all the elements of a valid contract and is not immoral, nor against public policy, nor against any law or established interest of society. Peltz v. Long, 40 Mo. 532; State v. Preferred & M. Co., 184 Mo. 160; Angelica v. Angelica, 121 Mo. App. 226; O'Day v. Meadows, 194 Mo. 617. (2) Contract to be performed at the death of a given person is not invalid on that account. Note payable at the maker's death is valid. Page on Contract, sec. 397; Maze v. Baird, 89 Mo. App. 348; Skinner v. Skinner, 77 Mo. 148; Bufe v. Bufe, 88 Mo. App. 627; Vogel v. Vogel's Adm., 22 Mo. 161; 1 Bouvier Law Dictionary (12 Ed.), 436; Garesche v. Lewis, 15 Mo. App. 565, 93 Mo. 197; Lawson on Contracts, 521; Hawkins v. Ball's Adm., 68 Am. Dec. 755; Krell v. Codman, 154 Mass. 454; Parker v. Coburn, 10 Allen Reports 82. (3) Deceased prevented performance of contract and action lies. Peck & Co. v. Railroad, 96 Mo. App. 212; Claudius v. West End Co., 109 Mo. App. 346; Halpen v. Manny, 57 Mo. App. 59; Fitzgerald v. Hayward, 50 Mo. 516; Turney v. Baker, 103 Mo. App. 390.

*Henry H. Furth* and *Shepard R. Evans* for respondent.

(1) The test whether an instrument is a contract or a testamentary disposition of property is not the time of performance, but the time by which, by the terms of the instrument, a property right attaches under it. Rood on Wills, sec. 73, p. 43; Page on Wills, sec. 54, p. 55; In re Diez, 50 N. Y. 88; Carey v. Denis, 13 Md. 1; Nichols v. Emery, 109 Cal. 329; McKinnon v. McKinnon, 46 Fed. 713; Wheeler v. Durant, 3 Rich. Eq. 455; Reed v. Hazelton, 37 Kan. 325; Cover v. Stein's Executors, 67 Md. 452; Jaggers v. Estes, 2 Strobh. Eq. 346. (2) If a posthumous disposition was intended it is a will. Rood on Wills, sec. 60, p. 35.

GRAY, J.—This cause is here on appeal from a judgment of the circuit court of the city of St. Louis, in favor of the defendant. The basis of the suit is the following contract: "Rockwood, Ill., September 25, 1895. Whereas, the undersigned, am expecting my life shall not be spared for any great length of time in the future, and whereas I desire my body shall be cremated after my death, and wish to arrange for such cremation now, so that my wish in that regard shall be fully carried out; now, therefore, I do hereby agree that there shall be paid to A. Barber, out of my estate, the sum of five hundred dollars, on consideration that said Barber shall take my remains after my death to the city of St. Louis, Mo., and have same properly cremated in such crematory as he shall select in said city. All expenses of transportation of my remains and the cremation thereof to be paid by the said Barber out of said five hundred dollars. Henry Berger. I accept the above obligation and agree to carry the same out as directed and agreed in the above stipulation. Alexander Barber. Witness, J. C. Barber, M. D., Joe Barber, Jr."

At the time the alleged contract was executed, Henry Berger and this plaintiff resided at Rockwood, Ill. Henry Berger died in the city of St. Louis on the 11th day of August, 1908. Some time prior to his death, he left Rockwood, Ill., and went to St. Louis, and died in a hospital on the date above mentioned. The plaintiff learned of his death and went to St. Louis for the purpose of obtaining possession of the remains, and having the same cremated. When he arrived in St. Louis on the morning of the 12th, he found that parties there had acted on the old adage, "It is the early bird that catches the worm," and the public administrator was in full charge of the estate of the deceased, and an undertaker of that city was making preparations to reduce the body to ashes without the aid or consent of this plaintiff. The plaintiff called

on the undertaker and showed him his contract, and notified him that he was ready and willing to take charge of the body and relieve the undertaker of the unpleasant task. He was notified by the latter that it would not be necessary for him to do so, and that he intended to keep for his own use and benefit all the profits derived from the transaction.

The plaintiff filed his claim against the estate of Henry Berger, which after setting out the above contract, alleges that the deceased, by removing from Illinois to St. Louis, and by permitting the undertaker in St. Louis to take charge of his remains, breached his contract, and plaintiff was damaged thereby in the sum of five hundred dollars, for which he asked judgment. The cause was tried before a jury in the circuit court on appeal, on the 10th day of November, 1909, and at the close of the plaintiff's testimony, the jury, under the instruction of the court, returned a verdict in favor of the defendant.

The evidence does not show that the deceased breached his contract, or that anybody rightfully acting for him prevented the plaintiff from fully performing the same. It is alleged in the petition that the plaintiff, by removing from Illinois to St. Louis, and by his orders as to his cremation and burial, prevented plaintiff's performance of the contract. There is nothing in the contract that required the deceased to live or die at a certain date in Rockwood, Ill. And there is no testimony that he gave any directions to the undertaker in St. Louis to take charge of his remains. The only grounds for saying that he breached his contract are that after his death he permitted the undertaker to take charge of his remains.

The plaintiff was only entitled to the five hundred dollars, and that, out of the estate of the deceased, on condition that he took the remains to the city of St. Louis and had the same properly cremated, and paid the expenses thereof. Suppose the deceased had

gone to Africa in search of large game and had been devoured by a man-eating animal of that region, could the plaintiff say that he breached his contract by permitting the animal to destroy him?

The undertaker in St. Louis who had charge of the remains claimed they were turned over to him by the physician who treated the deceased during his last sickness. There is no testimony in the record that the deceased gave any instructions relating to the matter. The plaintiff, in order to recover on the contract, was required to show that he had performed the same, or that the deceased during his lifetime, or some one duly authorized, after his death, refused to permit him to perform. [Peck & Co. v. Railroad, 96 Mo. App. 212, 70 S. W. 169; Turney v. Baker, 103 Mo. App. 390, 77 S. W. 479.]

The judgment is affirmed. All concur.