Lindsey v. Nagel.

JOSEPH LINDSEY, Respondent, v. C. F. NAGEL, et al., Appellants.

St. Louis Court of Appeals.   Submitted on Briefs January 11, 1911.   Opinion Filed May 2, 1911.

1. **BILL OF EXCEPTIONS:** Sufficiency of Order Extending Time for Filing: Correcting Order Nunc Pro Tunc: Facts Stated. Two cases were pending between the same parties, one of which had not been tried, but the other had been tried and appealed. In the latter case the time for filing the bill of exceptions was duly extended to September 28, 1906, and, at the regular term of court commencing on September 17, 1906, an entry was made on the records, under the caption and number of the case which had not been tried, in the following form, no date of the entry being noted:   "It appearing to the court that the official stenographer is unable to file the transcript at the time heretofore set, it is by the court ordered that the time heretofore given in the above entitled cause be and the same is hereby extended to on or before the next regular term of this court." *Held,* that the entry was insufficient to extend the time for filing the bill of exceptions or as the basis for an entry *nunc pro tunc,* in the proper case, of an order extending the time, for the reason it does not appear that the order was made on or before September 28, 1906, that being the expiration of the prior extension, and for the further reason that the order has no reference to any bill of exceptions, and does not purport to extend the time for the defeated party.

2. **PRACTICE:** Court Records: Nunc Pro Tunc Entries. An entry *nunc pro tunc* can be made only on evidence furnished by the papers and files in the case or something of record in the minute book or judge's docket as a basis by which to amend, and cannot be based on parol evidence or the recollection of the court.

Lindsey v. Nagel.

3. **VERDICT: Form: Finding on Several Counts.** Where plaintiff's petition consists of several counts, a verdict in the form of a finding for plaintiff on each of the counts separately but assessing a recovery only on the first is, at most, an informality of which plaintiff may, but defendant may not, complain.

4. **————: Objection to Form: Necessity of Motion in Arrest.** An objection to a verdict that it does not dispose of the issue on a counterclaim is an objection as to form, which can be made only by a motion in arrest of judgment.

5. **APPELLATE PRACTICE: Verdicts: Objection to Form: Necessity of Bill of Exceptions.** In the absence of a bill of exceptions preserving a motion in arrest of judgment, an objection to the form of a verdict, which must be made by a motion in arrest, will not be reviewed on appeal.

6. **COUNTERCLAIMS: Commingling Counterclaim with General Denial: Pleading.** Where plaintiff sued on an account for a quantity of stone taken from a quarry, under a contract, and for violation of the contract, an answer, in one count, admitting the making of the contract, denying the alleged breach, and averring that defendants had paid plaintiff cash, according to the contract, for the stone taken out between certain dates, and praying that defendants have judgment for an alleged balance, does not constitute proper pleading of a counterclaim, since, under section 1806, Revised Statutes 1909, the matter constituting the counterclaim should not be blended with the matter intended simply as a defense, but should be separately stated.

7. **BILL OF EXCEPTIONS: Time for Filing: Act of March 13, 1911, not Applicable, When.** The act of March 13, 1911, (Laws 1911, page 139), pertaining to the time for the allowance and filing of bills of exceptions, which went into effect under an emergency clause, has no application to a case in which, under the rules of court, the abstract was required to be filed thirty days before January 4, 1911, on which date it was docketed for hearing, and which was submitted on briefs on January 11, 1911.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

157 App—9

*Clay & Johnson* and *J. M. Jeffries* for appellant.

(1) The verdict of the jury is improper and insufficient in form, and not responsive to the issues made by the pleadings, in the following particulars: The verdict failed to make a separate finding on each count of plaintiff's petition. It failed also to make any finding on defendants' counterclaim. (a) Where there is a finding for plaintiff on a petition that states more than one cause of action there must be a separate verdict and a distinct assessment of damages on each count, otherwise it is impossible for the court to know how the issues were found or on which count the damages are assessed. Pitts v. Fugate, Admr., 41 Mo. 405; Bricker v. Railroad, 83 Mo. 391; City of St. Louis v. Allen, 53 Mo. 44; Owens v. Railroad, 58 Mo. 386. (b) The jury must find for or against defendant on his counterclaim. Winkleman v. Maddox, 95 S. W. 309; Henderson v. Davis, 74 Mo. App. 1; Marshall v. Armstrong, 105 Mo. App. 234; Parsons v. Randolph, 21 Mo. App, 353; Hitchcock v. Baughan, 44 Mo. App. 42.

*Marchand & Rouse* and *E. R. McKee* for respondent.

(1) Appellants having permitted time to lapse in which they had leave to file bill of exceptions without obtaining further extension of time could not afterwards cure said omission by obtaining order permitting them to file same. Danforth v. Railroad, 123 Mo. 196; Fulkerson v. Murdock, 123 Mo. 292; Wyelie v. Heffman, 58 Mo. App. 657; Nowell v. Mode et al., 132 Mo. App. 232; Mangelsdorf Brothers Co. v. Harnden Seed Co., 132 Mo. App. 507. (2) Only record proper, pleadings, verdict and judgment, should be considered by this court. Sickles Saddlery Co. v. Bullock, 86 Mo. App. 89; State v. Seaton, 106 Mo. 198; Ryan v. Growney, 125 Mo. 474; State v. Murray, 126 Mo. 526. (3) Defendants did not plead a counterclaim. Oldham v. Henderson, 4 Mo. 295; Kinney v. Miller, 25 Mo. 576; Holzbauer v.

Heine, 37 Mo. 443; Jones v. Moore & Hickman, 42 Mo. 413; Turney v. Baker, 103 Mo. App. 390; Bliss on Code Pleadings, S. 367 and N. 4. (4) The verdict is sufficient in form. Saddlery Co. v. Bullock, 86 Mo. App. 89; Nowell v. Mode, 132 Mo. App. 232; Mangelsdorf Brothers v. Seed Co., 132 Mo. App. 507; Cordage Co., v. Yeargain, 87 Mo. App. 561; Pope v. Rumsey, 78 Mo. App. 157.

REYNOLDS, P. J.—The petition in this case consists of five counts, the first claiming $700 on account of a quantity of stone taken from a quarry under a written contract; the second, on the same contract, alleges another violation as to the terms of it as to opening and operating the quarry. The third count, on the same contract, avers that when defendants left the quarry, they violated the terms of the contract in that they had not left it in workmanlike condition; the fourth averring that while operating under the contract defendants had destroyed some fence posts; and the fifth, also pleading under the contract, alleges that defendant so carelessly did the work that a large amount of stone was thrown on plaintiff's field, to his damage.

The answer to the first count admits the making of the contract, denies any breach, avers that defendants had paid everything they were obliged to pay under it, sets out in great detail what was done in connection with it, avers that they had paid plaintiff cash according to the contract mentioned therein, at the agreed price per cubic yard, "for all stone and rock taken out of said quarry under said contract from the 27th day of May, 1904, down to and inclusive of the 23rd day of June, 1904. Wherefore defendants pray judgment for said balance due them as aforesaid in the sum of $102.18, together with interest from June 23, 1904, at 6 per cent per annum, together with costs." The answer to the second count was a general denial and a plea of performance, a specific denial of the various allegations of that count, denial that plaintiff had suffered any damage by reason of the cause alleged in that count. The answers

to the third, fourth and fifth counts were general denials followed by an allegation in answer to the fifth count that the quarry was operated in a skillful manner and that while some stone was thrown upon plaintiff's field, none of it was negligently thrown and that plaintiff's field is so close to the quarry that stone would necessarily be thrown upon the field.

The reply was a specific denial of the new matter.

There was a trial before the court and jury and a verdict returned in this form:

"We, the jury, find for plaintiff on the first count of his petition in the sum of 335.58 dollars.

J. D. SHUMATE, Foreman.

"We, the jury, find for plaintiff on the second count of his petition in the sum of ........dollars.

J. D. SHUMATE, Foreman.

"We, the jury, find for plaintiff on the third count of his petition in the sum of........dollars.

J. D. SHUMATE, Foreman.

"We, the jury, find for plaintiff on the fourth count of his petition in the sum of ........dollars.

J. D. SHUMATE, Foreman.

"We, the jury, find for plaintiff on the fifth count of his petition in the sum of ........dollars.

J. D. SHUMATE, Foreman."

The court, receiving the verdict, entered up judgment for plaintiff in the sum of $335.58 and costs. Defendants prayed an appeal to this court, which was granted, and the cause is here on that appeal.

We are precluded from going into an examination of the testimony in this case or the proceedings at the trial and are confined to an examination of the record proper, as we are obliged to hold that no bill of exceptions has been filed in this case within the limit of the extension of time for filing one.

After this case had reached this court, an abstract having been filed, that abstract was attacked by respondent on the ground that it did not show any proper order

extending the time for filing the bill of exceptions and that the bill of exceptions had not been filed within any time granted by the trial court. The hearing of the case before us was postponed to give appellants time and opportunity to obtain a proper *nunc pro tunc* entry in the trial court, if that could be done. Application was made in the circuit court for a *nunc pro tunc* entry, showing extension of time for filing bill of exceptions, the application was granted, a *nunc pro tunc* entry ordered and the proceedings in the circuit court connected with that have been brought up and are now before us.

It appears that there were two cases pending in the circuit court of Lewis county, one numbered 259, in which Joseph Lindsey was the plaintiff and C. F. Nagel was the defendant; the other, the case before us, in which Joseph Lindsey was the plaintiff and C. F. Nagel and W. J. Welsh were the defendants, numbered 272 of the circuit court of that county. It appears that number 259 had never been brought to trial or disposed of, but, so far as the record of the circuit court shows, is still pending in that court. During the March, 1906, term of that court, an order was duly entered of record in case No. 272, Lindsey v. Nagel and Welsh, in these words: "It is by the court ordered that the time heretofore given defendants in which to file their bill of exceptions be and is extended to on or before the 28th day of September, 1906." This entry appears on page 445, record No. 2, of that court. The September term of that court began on Monday, the 17th of September, 1906. There further appears in this same volume 2, of the same record of the court, at page 533, this entry: "Joseph Lindsey, plaintiff, v. C. F. Nagel, defendant. Case No. 259. It appearing to the court that the official stenographer is unable to file the transcript at the time heretofore set, it is by the court ordered that time heretofore given in the above entitled cause be and the same is hereby extended to on or before the next regular term of this court." The next record entry introduced in evidence in the hearing

of this application for the entry of *nunc pro tunc* orders in this cause before us, is in volume 3 of the circuit court records and was made at the succeeding term, that is to say at the March term, 1907, of the circuit court. That order, as entered in the case No. 272, which is the one before us, recites: "It appearing to the satisfaction of the court that the official stenographer is unable to file the bill of exceptions in the time heretofore given in which to file the same, it is hereby ordered that the time in which to file the same be and the same is hereby extended to on or before September 25, 1907." Other extensions were granted from time to time, the last made at the March, 1908, term, extending the time to September 23, 1908. These were all made and entered in the case before us, and the bill of exceptions was filed in it on September 21, 1908. It is on the foregoing entry without date, made in case No. 259, Joseph Lindsey v. C. F. Nagel, and its application to this case No. 272, the one before us, that the authority of the circuit court to make the *nunc pro tunc* entry must turn. That order was made on the 19th of October, 1910, and is as follows:

"Joseph Lindsey, Plaintiff,

v.                                    Case No. 272.

C. F. Nagel and

William Welsh, Defendants.

In the Circuit Court of Lewis County, Missouri, at Canton, September Term, 1910.

Upon this day come the parties herein, by their attorneys, and the defendants submit to the court their motion heretofore duly filed, asking the court to make and enter an order amending its record in this cause by causing to be entered *nunc pro tunc* in the record of this court under the number and title of this cause the order made by this court on September 17, 1906, at its September term, 1906, extending the time for filing the bill of exceptions in this cause; and the court, having duly considered said motion and the evidence adduced from the records of this court in support thereof, it appearing to

the court that due notice of said motion was given to the
plaintiff's counsel on September 19, 1910, and that at the
September term, 1906, of this court there were only two
suits pending in which Joseph Lindsey was plaintiff and
C. F. Nagel was a defendant, one of which was this cause,
which is case No. 272, and the other one was Case No.
259, entitled Joseph Lindsey v. C. F. Nagel and that no
trial has ever been had in said Case No. 259 and no pro-
ceedings had in it except the filing of the pleadings and
granting continuances therein, and that no order has
ever been made in that case giving time in which to file
any bill of exceptions; and it doth further appear to the
court from said record evidence, that, in this cause,
which is Case No. 272 of this court, the following pro-
ceedings, among others, were had, to-wit, that at the
March term, 1905, of this court, judgment was rendered
against the above named defendant herein, who there-
upon took an appeal from said judgment, and leave was
granted them to file bill of exceptions on or before July
15, 1905: that on July 7, 1905, an order of the court was
duly filed extending time to file said bill of exceptions
to on or before August 19, 1905: that on August 14, 1905,
an order was duly filed extending time to file said bill to
on or before September 20, 1905: that at September term,
on September 19, 1905, the court extended time to file
said bill to on or before November 21, 1905: that on No-
vember 21, 1905, an order was duly filed extending time
to file said bill to on or before March 19, 1906; that at
March term on March 19, 1906, the court duly extended
the time to file said bill to on or before September 28,
1906; that there was and is no order entered in the record
under the number and title of this cause on or prior to
September 28, 1906, of any further extension of time in
which to file said bill, but that there was, however, on
September 17, 1906, the following order made by this
court in this cause, but which the clerk of this court,
through mistake and inadvertence, entered into rec-
ord of this court under the heading of said Case No. 259,

entitled Joseph Lindsey v. C: F. Nagel, which said order was in the following words, to-wit: 'It appearing to the court that the official stenographer is unable to file the transcript at the time heretofore set, it is by the court ordered that the time heretofore given in which to file the bill of exceptions in the above entitled cause be and the same is hereby extended to on or before the next regular term of this court,' and that said clerk should have entered said order under the number and title of this cause."

Exception was duly made by plaintiff to the action of the court, and the question of the authority of the court to make it is properly before us.

It will be observed, in the first place, that there is no date whatever in that order extending the time to the "next regular term of this court." It is in volume 2 of the records of that court, but at what time it was made, at what term it was made, in no manner appears. The order preceding it, which gave an extension of time, provided that the time for filing the bill of exceptions was extended "to on or before the 28th day of September, 1906." Whether this succeeding order of extension, which is the one which must be relied on, was made on or before the 28th day of September, does not appear in the transcript of the record of the proceedings before us.

Furthermore, the order, in itself, is not and does not purport to be one extending time to the defendant, who was the one and only one authorized to tender and have filed a bill of exceptions, within which to file any bill of exceptions in the case. It recites that it appearing to the court "that the official stenographer is unable to file the transcript at the time heretofore set, it is by the court ordered that the time heretofore given in the above entitled cause be and the same is hereby extended to on or before the next regular term of this court." The official stenographer is not the one to file a bill of exceptions. Under section 11245, Revised Statutes 1909, he is "to furnish to any person a transcript of all or any part

of said evidence, or oral proceedings, upon the payment to him of the fee hereinafter provided." The cause in which this order purports to have been entered is No. 259, in which Joseph Lindsey is plaintiff and C. F. Nagel defendant, and the order has no reference whatever in it to any bill of exceptions. This is the order of record that it is claimed carried over the extension of time for filing a bill of exceptions to the succeeding term of court. We must hold that it was not a sufficient memorandum or entry pertaining to the records of the court or minutes of the judge or clerk, to carry over the extension of time for filing a bill of exceptions in this case or on which to base an order at a subsequent term for an entry *nunc pro tunc* of an extension of time for filing a bill of exceptions in this case.

Some oral evidence was introduced to support this matter, but it is beyond question that that cannot be done; even the recollection of the court itself, of matters that had occurred at a prior term cannot be resorted to or used by him in making *nunc pro tunc* entries. It is the settled law in this state that such entries can only be made upon the evidence furnished by the papers and files in the cause, or something of record in the minute book or judge's docket as a basis by which to amend. [Gamble v. Daugherty, 71 Mo. 599; Coy v. Landers, 146 Mo. App. 413, 125 S. W. 789.] It is the inflexible rule in this state, following the common law rule, that the records of the court must be tried by the record, and it must affirmatively appear, by the record or minutes of the court or clerk, that an order had been made at the time and by some inadvertence not properly entered. We must therefore hold that there is no bill of exceptions before us. We are confined, therefore, to an examination of the errors appearing in the record proper.

As plaintiff recovered nothing on the second, third, fourth and fifth counts of his petition, it is unnecessary to pay any attention to them. There is no judgment based on them. It is true that the verdict returned finds

for plaintiff on these counts, but does not award him anything by way of damages, not even nominal damages. This may be an informality but it is not an error of which defendants can complain; plaintiff might, but does not. An examination of the first count on which the recovery was had satisfies us beyond question that it is sufficient to sustain the verdict.

The brunt of attack made by learned counsel for defendants is directed at the form of the verdict. The main reason given is that the verdict does not pass upon what defendants designate as their counterclaim, which they say is set up against the first count of the petition. The answer to this is twofold. If the form of the verdict is objected to, objection must be made by a motion in arrest of judgment. [Ring v. The Chas. Vogel Paint & Glass Co., 44 Mo. App. 111, 1. c. 113; Henderson v. Davis, 74 Mo. App. 1, 1. c. 5.] As there is no bill of exceptions, by which alone a motion in arrest can be brought before us for review, we cannot consider the alleged defect in the verdict. Ryan v. Growney, 125 Mo. 474, 1. c. 480, 28 S. W. 189, is one of the clearest, among the many decisions, on the necessity of preserving a motion in arrest by bill of exceptions. The importance of attacking the form of the verdict in the trial court is manifest; even failure to object to it when returned has been held a waiver of defect of form. The trial court, his attention called to it at the time, can have the jury, not being discharged, correct it. But if that is not done, it must be attacked by motion in arrest and exception to the action on the motion saved in and by a bill of exceptions. [Sickles Saddlery Co. v. Bullock, 86 Mo. App. 89, 1. c. 93.] It is not clear that defendants have set up a counterclaim in their answer to the first count of the petition. Most certainly, if they intended to plead a counterclaim, they have in no manner complied with the statutory requirement. The statute (R. S. 1909, sec. 1806) requires that the answer of the defendant shall contain: "First, a general or specific denial of each ma-

terial allegation of the petition controverted by the defendant. . . . Second, a statement of any new matter constituting a defense or counterclaim, in ordinary or concise language, without repetition." At an early date in interpreting and settling our code, our Supreme Court held: "The matter constituting the counterclaim ought not to be blended with the matter intended simply as a defense, but should be separately stated, with all the distinctness that would be required if the defendant was suing the plaintiff in an independent proceeding." [Kinney v. Miller, 25 Mo. 576.] "A counterclaim is a new and independent clause injected into the action by a defendant." [Nowell v. Mode, 132 Mo. App. 232, 1. c. 242, 111 S. W. 641.] The manner in which this so-called counterclaim is here pleaded is identical, practically, with that condemned by the Kansas City Court of Appeals in Turney v. Baker, 103 Mo. App. 390, 1. c. 393, 77 S. W. 479, where the answer contained a general denial and the averment that plaintiff had undertaken to do the matter contracted for in a negligent and careless manner and that by reason of such negligence and carelessness on the part of plaintiff, defendant had beeen damaged in the sum of $2168, for which with his costs he asked judgment over against the plaintiff. The court held this bad pleading. That is practically what defendants have done in this case. They did not set up any counterclaim in and by a separate count, or as an independent cause of action. In point of fact, it is doubtful whether they considered it a counterclaim. It is a fact before us that when appellants' learned counsel filed their original abstract of the record in this case in this court, they entirely omitted this part of their answer to the first count of the petition from that abstract, and it only comes before us in and by a supplemental abstract. Over and above this, however, we are not prepared to hold that the verdict returned ignored what counsel claim to have been a counterclaim, and this even conceding that a counterclaim has been properly pleaded.

In Pope v. Ramsey et al., 78 Mo. App. 157, l. c. 162, a counterclaim having been set up, the only verdict returned was "for the plaintiff and against the defendant," and naming the sum plaintiff was entitled to recover. *Held* sufficient, citing many cases. [See also Sickles Saddlery Co. v. Bullock, supra; Plymouth Cordage Co. v. Yeargain, 87 Mo. App. 561, l. c. 565.] In Nowell v. Mode, supra, in which a counterclaim was pleaded and the verdict returned was silent as to the counterclaim, it was held (l. c. 243) : "It is manifest from the record before us that in returning a verdict for plaintiff, the jury necessarily made a finding on the counterclaim." Referring to what is now section 1993, Revised Statutes 1909, it is further said in that case that this statute "does not say that such specific finding must appear therein; . . . the verdict should be regarded as responsive though it be silent as to the counterclaim."

In Mangelsdorf Bros. Co. v. Seed Co., 132 Mo. App. 507, also a case in which a counterclaim was pleaded, there was a general verdict for plaintiff. The court at page 512 said : "The verdict being for the full amount demanded by plaintiff in the petition, demonstrates beyond question that the jury found against defendant on the issue of a breach of contract by plaintiff. . . . The jury had to find that plaintiff had broken the contract before it could consider the subject of awarding damages to defendant, and this it refused to find."

This cause was on the docket for hearing in this court January 4, 1911; it was submitted on briefs January 11th. The time for filing the abstract was 30 days before January 4, 1911. We hold that the Act of March 13, 1911, does not apply.

On consideration of the record before us, so far as it is open to our review, we find no reversible error. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.