Roy M. COOPER, Jr., Appellant,

v.

J. C. BOLIN et al., Respondents.

No. 53324.

Supreme Court of Missouri,
Division No. 1.

Sept. 9, 1968.

Shook, Hardy, Ottman, Mitchell & Bacon, David H. Clark, Robert K. Waldo, Blackford & Wilhelmsen, J. William Blackford, Kansas City, for appellant.

Carl E. Enggas, Darrell L. Havener, Robert C. Canfield, Kansas City, for respondents, Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

HENRY J. WESTHUES, Special Commissioner.

This case involves the interpretation of Section 516.230, V.A.M.S. The section provides in substance that if a case is commenced within the time provided by the statute of limitations, Sections 516.010–516.370, V.A.M.S., and the *plaintiff* suffers a nonsuit or, for other reasons, the cause is discontinued, the *plaintiff* may commence a new action within one year from the date the original suit was discontinued.

The prime question is whether a person filing a *counterclaim* within the time provided by the statute of limitations is in fact a plaintiff within the meaning of Section 516.230, supra.

The trial court ruled that the statute did not apply and dismissed appellant's petition which was filed more than two years after the act complained of, but was filed within one year after the counterclaim was dismissed for an improper joinder of parties.

Plaintiff appealed. However, this court dismissed the appeal for the reason that there was no final judgment disposing of all of the persons named as defendants. See Cooper v. Barr, Mo., 413 S.W.2d 219.

It would serve no useful purpose to state or refer to the numerous pleadings, motions, and orders which appear in the record. We shall state the ultimate facts which we deem sufficient to dispose of the question before us. They are:

Plaintiff in the present action, Roy M. Cooper, Jr., on September 12, 1962, while in the employ of Sam and Emily Barr, doing business as Blue Sky Farms, was injured when he stepped into a post hole. He was taken to Osteopathic Hospital of Kansas City where he was treated by Drs. J. C. Bolin, William R. Morrison, and Clyde M. Smith, defendants, respondents on this appeal. As may be noted by the opinion dismissing the appeal, 413 S.W. 2d 219, supra, other doctors and parties were named as defendants. However, the three named as respondents on this appeal are the only persons interested in this case in this court. The case against the others was disposed of in various ways not material on this appeal.

After Cooper was released from the hospital, and on November 25, 1964, the Osteopathic Hospital filed a suit in the Clay County Magistrate Court to recover hospital bills incurred by Cooper. On December 17, 1964, Cooper filed an answer and a counterclaim asking $1,000,000 damages for malpractice against the hospital and the doctors who had treated him. The three doctors, respondents in this case, were served with summonses on February 19, 1965, and February 22, 1965.

The case was transferred to the Circuit Court of Clay County and was numbered 31,715 and was referred to in the opinion dismissing the appeal. See 413 S.W.2d 219, supra. On May 14, 1965, the trial court dismissed the case presented by the counterclaim. On July 22, 1965, Cooper filed his petition in the Circuit Court of Clay County for malpractice against respondents and others, asking damages in the sum of $950,000. The case was numbered 32,457. On January 14, 1966, Cooper filed an amended petition. On January 25, 1966, respondents filed a motion to dismiss Cooper's petition for the reason that it had not been timely filed. May 22, 1963, was the last day respondents treated plaintiff. The motion to dismiss was sustained and the petition dismissed with prejudice.

An appeal was taken to this court and, as above noted, the appeal was dismissed. This occurred on March 13, 1967. As suggested by this court in the opinion, appellant Cooper on May 12, 1967, filed a motion in the circuit court to amend and supplement the record. A hearing was had on the motion and the record in case No. 31,715 which had originated in the magistrate court was introduced into evidence.

We need not relate the various steps taken in the trial court except to state that

the record now shows that the issues and the case as to all parties were settled and a final judgment was entered in favor of the three respondents on this appeal. Cooper filed a second notice of appeal or refiled such notice on September 6, 1967. An appeal was perfected to this court.

Respondents in their brief state that the trial court properly dismissed appellant's petition for the reason that it was filed more than two years after the last treatment rendered to Cooper by respondents. It is conceded that that date was May 22, 1963. The petition was filed on July 22, 1965.

Appellant argues that Section 516.140, V.A.M.S., requiring actions of this nature to be commenced within two years ordinarily applies. But appellant says that under the provisions of Section 516.230, V.A.M.S., his petition was timely filed; that his counterclaim filed on December 17, 1964, in case No. 31,715 constituted a commencement of an action; that a counterclaimant is in effect a plaintiff within the meaning of Section 516.230, supra, permitting the filing of an action within one year after the original action has been terminated by nonsuit or other ways as mentioned in the statute.

The question then is: Is a counterclaimant to be considered a plaintiff within the meaning of Section 516.230, supra? Our answer is YES. In 67 C.J.S. Parties § 1–i, pp. 893, 894, we note the following:

" 'Plaintiff' is synonymous with 'party' in that he is the party who complains; but it is not used as convertible with the term 'defendant' except where the exigencies of the case require it, as where a defendant seeks affirmative relief by a cross action, set-off, or counterclaim, in which case the original plaintiff, in a certain sense, becomes the defendant, and a defendant who files the counterclaim or cross complaint is technically a plaintiff therein, but he may be designated as defendant to distinguish him from the plaintiff in the original action."

The theory that a counterclaimant asking for affirmative relief, such as Cooper in this case, praying for a money judgment, is in fact a plaintiff, is supported by these authorities: Turney v. Baker, 103 Mo.App. 390, 77 S.W. 479, l. c. 480; Bauer v. Rutter, Mo.App., 256 S.W.2d 294, l. c. 295, 296 [4–7]; Kriv v. Northwestern Securities Co., 237 Iowa 1189, 24 N.W.2d 751, l. c. 754 [2]; Roberts Min. & Mill. Co. v. Schrader, 9 Cir., 95 F.2d 522, l. c. 524 [2].

Respondents in their brief state that they located only one Missouri case discussing the precise issue of whether Section 516.230, supra, was meant to apply to a defendant who had filed a counterclaim. They cite the case of Liebke v. Thomas, 24 Mo.App. 24. However, the factual situation in that case was not the same as in the case before us. There the plaintiff's cause was dismissed, not the defendant's set-off, and no counterclaim was filed. When the plaintiff's petition was dismissed, the set-off under the existing law was automatically dismissed. The court in that case ruled that the statute did not apply to the defendant who later filed a petition making a claim against the original plaintiff.

The legislature then passed what is now Section 516.370, V.A.M.S., providing that in such cases "the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant." Neither the Liebke case nor the statute enacted to obviate the effect of the Liebke opinion helps the respondents.

Respondents also say that statutes of limitations are favored in the law. However, Section 516.230, supra, is not a statute of limitations but a remedial statute and must be liberally construed. Thomas v. Sterling Finance Co., Mo.App., 180 S. W.2d 788.

Plaintiff Cooper, by filing a counterclaim in case No. 31,715 and having summonses served on respondents, commenced his action for malpractice. When that action or counterclaim was dismissed, Section 516.230, supra, granted Cooper a year in which to file a new action.

The order and judgment dismissing the petition are hereby reversed and the cause remanded for further proceedings.

All of the Judges concur.